374

In the Matter of the Claim of CLAIRE HESS, Appellant. PHILIP Ross, as Industrial Commissioner, et al., Respondents. (Proceeding No. 1.)

In the Matter of the Claim of ELIZABETH LA MOUNTAIN et al., Appellants. PHILIP Ross, as Industrial Commissioner, et al., Respondents. (Proceeding No. 2.)

In the Matter of the Claim of TINA WILLIAMS, Appellant. PHILIP Ross, as Industrial Commissioner, et al., Respondents. (Proceeding No. 3.)

Third Department, November 8, 1979

### APPEARANCES OF COUNSEL

*Roemer & Featherstonhaugh (Stephen J. Wiley* of counsel), for Claire Hess, appellant.

*MacKenzie, Smith, Lewis, Michell & Hughes (Edward Moses*

of counsel), for Baldwinsville Central School District, respondent.

*Bernard F. Ashe (J. Michael Eadry* of counsel), for Elizabeth La Mountain and others, appellants.

*Harry T. Shaw* for Westport Central School District, respondent.

*McGivern, Shaw & O'Connor (Harvey Mandelkern* of counsel), for New York State School Boards Assn., Inc., *amicus curiae.*

*Paul E. Klein (Janet Axelrod* of counsel), for Tina Williams, appellant.

*Bond, Schoeneck & King (Thomas J. Grooms* of counsel), for Ithaca City School District, respondent.

*Robert Abrams, Attorney-General (Murray Sylvester* and *Robert A. Feuerstein* of counsel), for Industrial Commissioner, respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Since the facts in each proceeding are not in dispute, and involve construction of the same statutory provision for resolution, the following discussion is germane to each proceeding. Each claimant is a nonprofessional employee of an educational institution and a member of a collective bargaining unit.

Claimant Hess' bargaining unit had an agreement covering the period from July 1, 1977 to June 30, 1979. However, there was no provision in the contract guaranteeing Hess employment for the school year commencing September, 1978. On June 23, 1978 the school district sent Hess a notice confirming the continuance of her employment after the summer recess.

While claimants La Mountain, Brant, Bunning and White were members of a collective bargaining unit, there was no agreement in effect for the period in which each filed for unemployment benefits. On June 20, 1978 each claimant received a letter from the school district confirming continuance of employment for the 1978-1979 academic year.

Claimant Williams was also a member of a collective bargaining unit which did not have a contract for the 1978-1979

school year. He, too, received a letter assuring his employment for the ensuing year.

In each proceeding, the board determined claimant(s) to be ineligible for benefits under subdivision 11 of section 590 of the Labor Law[1] on the ground that the written communications from the respective school districts to the claimants satisfied the statutory requirement that where, as in each of the proceedings here, there is an absence of a contract between the employee bargaining unit and the employer, ineligibility will result if each employee has a personal contract assuring his employment for the ensuing academic year.

Since all of the claimants were members of the collective bargaining unit whose contracts with their respective school districts, with the exception of claimant Hess,[2] had expired, and since none had a formal contract for the 1978-1979 academic year, we are called upon to determine if the letters to each claimant assuring employment for the ensuing year satisfied the disjunctive requirement of subdivision 11 of section 590 of the Labor Law that such employees have such an "individual contract".

The legislative intent in enacting subdivision 11 of section 590 is clearly evident in the preamble to chapter 675 of the Laws of 1977, wherein it is stated that the purpose of the section is to amend the Labor Law to conform to the Federal unemployment compensation amendment of 1976. Pursuant to that amendment (US Code, tit 26, § 3304, subd [a], par [6], cl [A], subcl [ii]), benefits to a nonprofessional school employee may be denied for periods between academic years or terms "if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms". Further, the State Department of Labor has issued its interpretation of subdivision 11 of section 590, stating that claimants are ineligible for benefits

---

1. Subdivision 11 of section 590 states: "If a claimant was employed in other than an instructional, research or principal administrative capacity by an educational institution which is not an institution of higher education, the following shall apply to any week commencing during the period between two successive academic years or terms *provided the claimant as a member of the collective bargaining unit has a written contract which continues his services in such capacity for any such institution or institutions for both of such academic years or terms or an individual contract to perform services for such period if he is not a member of a bargaining unit"*. (Emphasis added.)

2. Hess' agreement was extant, but did not contain a job security clause.

where, as here, such claimant is a member of a collective bargaining unit having no agreement or, again as here, having an expired agreement, but having received an individual notice or letter containing a guarantee of continued employment.

■ ■ Despite this clear legislative intent, when we turn to subdivisions 10 and 11 of section 590, we find the statutory language employed to carry out that intent to be ambiguous, imprecise, equivocal and, when we compare the two subdivisions, enigmatic. Since all claimants were unionists whose contract with the school district had expired (except Hess), we must turn to the disjunctive requirement of subdivision 11 (nonprofessional employees) that such employees have "an individual contract to perform services for such period *if he is not a member of a bargaining unit*" (emphasis added). Fairly read, there seems to be an intent to distinguish between those employees who are members of a collective bargaining unit and those who are not. Yet, each claimant is a member of such a unit which has not renegotiated a new contract. Does a union member become a nonmember when his unit's contract expires? We think not. When we compare subdivisions 10 and 11 of section 590 in search of legislative intent, analytical balancing leads to bewilderment, if not dismay. Contemporaneous with the adoption of subdivision 11 (L 1977, ch 675, § 17) covering nonprofessional employees, the Legislature amended subdivision 10 in relation to professional employees, making the professional employees' contractual requirement less rigid by adding the disjunctive phrase "or there is a reasonable assurance that the claimant will perform" (L 1977, ch 675, § 16). Such concurrent legislative action would usually severely limit our right to resort to extraneous sources in search of intent. Yet, where, as here, legislative intent and purpose are plain, but inartfully expressed, so as to create doubt and ambiguity, it is the judicial function to view the construction given to a law by those charged with the duty to enforce it, as well as for those for whose benefit it was passed, in a manner that exposes irrationality or unreasonableness, not, necessarily, exactitude or certainty. Here, the board concluded that since all claimants were members of a negotiation unit whose written contract with the school districts had expired (except Hess) and each had a letter ensuring re-employment in the fall, such factors, considered together, satisfied the disjunctive requirement of subdivision 11 that such

employees have an "individual contract" for re-employment. Such a conclusion is not irrational under the facts of these proceedings *(Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Deitchman [Catherwood],* 34 AD2d 718; see *Matter of Peak [Ross],* — AD2d —; *Matter of Dwyer [Ross],* — AD2d — [decided herewith]). We have previously held that an oral agreement between the school district and the professional employee was a contract within the meaning of subdivision 10 of section 590 *(Matter of Klein [Levine],* 42 AD2d 640; cf. *Matter of Di Cerbo [Levine],* 45 AD2d 933).

The decisions should be affirmed, without costs.

GREENBLOTT, STALEY, JR., MAIN and MIKOLL, JJ., concur.

Decisions affirmed, without costs.