◼ In the Matter of the Claim of DAVID J. DWYER, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 1979, which

found claimant ineligible to receive benefits pursuant to subdivision 11 of section 590 of the Labor Law. Following the adoption of its new budget, claimant's employer advised him by letter dated June 22, 1978, that the "District is continuing your services as a school bus driver for the 1978-79 academic year." The communication included a school calendar and specified that "If it is your intention to resume your normal duties on September 6, 1978, please acknowledge by signing below and returning one copy". Claimant did so, but then filed for unemployment insurance benefits. Respondent determined him to be ineligible by disregarding certain weeks of employment and remuneration in reliance on subdivision 11 of section 590 of the Labor Law which had been enacted in 1977 (see L 1977, ch 675, § 17). Although evidence at a hearing on the matter disclosed, in addition to the foregoing letter, that claimant had worked for the same employer as a school bus driver in each of the six preceding academic years and was aware of the salary he would receive in the ensuing school year, the referee concluded that the subdivision was inapplicable because claimant did not have "an individual contract to perform services" (Labor Law, § 590, subd 11). The board disagreed, ruling that the quoted letter and its return by claimant constituted a contract within the meaning of the statute, and this appeal ensued. The facts of this case are not disputed and we are obliged to uphold the interpretation placed upon statutory language by the agency charged with its administration, provided that its construction is not irrational or unreasonable (see *Matter of Howard v Wyman*, 28 NY2d 434, 438). Here, while it may be argued that the board has given the term "contract" a somewhat broader meaning than its ordinary legal definition, we believe that the appropriate administrative body has acted in a reasonable and rational manner since its determination appears to parallel the unemployment insurance policy and status governing professional employees of like educational institutions under another subdivision of that law in effect since 1972 (see Labor Law, § 590, subd 10, as added by L 1971, ch 1027; *Matter of Bess [Ross]*, 59 AD2d 1005; *Matter of Klein [Levine]*, 42 AD2d 640). The mere fact that the Legislature has since expanded the application of the statute as it relates to professionals (L 1977, ch 675, § 16), does not alter our view that the board has properly construed the instant subdivision pertaining to nonprofessionals such as claimant. (See *Matter of Hess [Ross]*, 70 AD2d 374; *Matter of Peak [Ross]*, 72 AD2d 854.) Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.