■ In the Matter of the Claim of JOHN H. PEAK, Appellant. NORTH COLONIE CENTRAL SCHOOL DISTRICT, Respondent. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 1, 1979, which held claimant ineligible to

receive benefits pursuant to subdivision 11 of section 590 of the Labor Law. Claimant, a school bus driver, is a member of a collective bargaining unit which had a contract with claimant's employer for the period July 1, 1977 through June 30, 1979. This contract, however, does not guarantee continuing employment during the period covered by the contract for the members of the bargaining unit. Claimant received a letter dated June 23, 1978 and signed by the superintendent of schools which advised him that the employer was continuing his services as a school bus driver for the 1978-1979 academic year. The board, in a resettled decision, filed June 11, 1979, concluded that the collective bargaining agreement and the notice of June 23, 1978 constituted a contract within the meaning of subdivision 11 of section 590 of the Labor Law. Consequently, claimant was ruled ineligible to receive benefits pursuant to subdivision 11 of section 590 of the Labor Law. In order to be held ineligible to receive benefits, it must be determined that claimant, as a member of a collective bargaining unit, had a written contract which continued his services (Labor Law, § 590, subd 11). The evidentiary facts herein are undisputed. Since the issue presented in this case involves policy considerations relating to the intended scope of subdivision 11 of section 590 of the Labor Law, "the question is one to the determination of which the Appeal Board may bring to bear its own special competence in carrying out the supervisory authority conferred on it by the Legislature." *(Matter of Fisher [Levine],* 36 NY2d 146, 150.) Where the construction placed upon a statute by the agency charged with its administration is not irrational nor unreasonable, it should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438). From our review of the statutory language involved and considering the purpose of the unemployment insurance law, it is the opinion of this court that the board's decision is neither unreasonable nor irrational and, therefore, it should be affirmed. (See *Matter of Hess [Ross],* 70 AD2d 374; *Matter of Dwyer [Ross],* 72 AD2d 853.) Decision affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.