■    In the Matter of the Claim of MURIEL McCANN, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 5, 1978. The board adopted the findings of fact and opinion of an Administrative Law Judge which holds in part as follows: "the evidence establishes that when the school year ended in June, 1977, the claimant [a teacher's aide] did have a reasonable assurance that she would be returning to work when the school year began again in September, 1977. By previous tradition, the claimant was never notified in June that she would be returning to work and although there was some budgetary problems, the claimant, because of her good seniority position, was reasonably assured that she would be returning to work when the school year began again." The record contains substantial evidence supporting the conclusion of the board that the claimant was not eligible for benefits pursuant to the Federal Special Unemployment Assistance Act of 1974 (US Code, tit 26, § 3304) because she had a reasonable expectation that her employment would resume following the summer vacation period of her employer. Further, the board's application of the statutory disqualification for eligibility based upon the expectation of future employment is neither unreasonable and irrational nor arbitrary and capricious, and, therefore, it should be affirmed (cf. *Matter of Dwyer [Ross],* 72 AD2d 853; *Matter of Peak [North Colonie Cent. School Dist.—Ross],* 72 AD2d 854; *Matter of Hess [Ross],* 70 AD2d 374). Decision affirmed, without costs. Mahoney, P. J., Greenblott and Herlihy, JJ., concur.

Sweeney and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). We are unable to agree with the majority and, therefore, dissent and vote to reverse. The sole issue is whether claimant had reasonable assurance that she would be employed in the second year of two successive academic years. In our view, the board's conclusion that she did is unreasonable. The record demonstrates that claimant was a member of a union, but the union's contract

with the school district had expired in June, 1977. Consequently, claimant had no assurance that her seniority would be honored. The record also establishes that the proposed school budget for the 1977-1978 school year had been defeated and the school year started in September before a school budget was passed; that claimant had been informed that some 23 teacher's aides would be let go; and that the night before school opened claimant was unable to learn if she was to be rehired. It was not until one hour before the start of school that she was told to report to work. Under these circumstances, claimant, in our view, had no assurance that she would be rehired by the district for the 1977-1978 school year. The board's determination should be reversed.