■ In the Matter of the Claim of Roberta A. Maass, Appellant. Philip Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 1979. The claimant worked for the employer school district as a teacher for several years prior to June 22, 1979. On that date she was advised that two part-time positions held by her in the high school and junior high school were eliminated from the budget for the 1979-1980 school year. However, she was advised that as to her third position—"home teaching"—she would be retained on the employer's "list" for the 1979-1980 year. The local office of the Industrial Commissioner issued an initial determination on July 24, 1979 that, because of the continuance on the list of home teaching (tutor), she could not count her employment in the school district for the previous 52 weeks as earnings. Accordingly, the claimant was ineligible for benefits pursuant to subdivision 10 of section 590 of the Labor Law. The claimant requested a hearing upon the ground that she was applying upon her prior employment as a teacher and aide and not upon her service as a "home teacher". A hearing was held on September 5, 1979 and on September 19, 1979 the hearing officer ruled that, because of the lack of any factual showing that retention upon the list would result in employment, there was no reasonable assurance of employment and, accordingly, subdivision 10 of section 590 of the Labor Law was inapplicable. The employer appealed the September 19, 1979 decision to the board; however, the Industrial Commissioner did not take an appeal. Upon its review, the board reversed the

decision of the hearing officer and ruled that all that is required is reasonable assurance of continuance in an instructional capacity to invoke the disqualification of subdivision 10 of section 590 of the Labor Law. It specifically held that the amount of work performed is immaterial and referred to its holdings in cases involving teachers on a substitute teaching list. Upon the appeal, the Industrial Commissioner has declined to file a brief and the employer has filed no response to claimant's brief. The pertinent part of subdivision 10 of section 590 of the Labor Law is as follows: "the following shall apply to any week commencing during the period between two successive academic years or terms * * * provided the claimant has a contract to perform, or there is a reasonable assurance that claimant will perform, services in such capacity * * * for both of such * * * terms: * * * (c) The benefit rate * * * shall be determined * * * by disregarding the weeks of employment and the remuneration earned in such employment." The dispositive issue upon this appeal is whether or not there is substantial evidence to support the board's finding that being retained on the "list" is reasonable assurance of further employment as a tutor. The claimant testified that since 1975 her employment was: 1975-1976—28 hours; 1976-1977—4 hours; 1977-1978—0 hours; 1978-1979—46 hours. She further testified that being on the "list" was not the manner in which she obtained such employment. It was obtained only because, in her former positions as a teacher and aide, *she became aware* that a student had been unable to attend classes for a substantial period of time and she *requested* assignment as a tutor. Obviously, since she was no longer to be employed as a teacher or aide, she would not be in a position to be aware and request such assignments. The representative of the employer conceded that she knew nothing about the operation of the "list" or the selection of teachers to provide tutoring service. The employer relied entirely upon the existence of the "list" and the fact that claimant had received 46 hours of employment in the school year 1978-1979 to establish a reasonable assurance of continuing employment. Upon the present record, there is a lack of substantial evidence to establish a reasonable assurance of a continuing employment. The record establishes that the need of the employer for tutors is not necessarily likely to occur and/or that the "list" is not the source of employment, but at most a qualifying factor for employment. Under such circumstances, the fact of being on the "list" does not establish the degree of assurance of employment which could be "reasonable assurance". In this particular case, the determination of the board is not supported by substantial evidence upon the record as a whole. Decision reversed, with costs to claimant, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.