■ In the Matter of WILDCAT SERVICE CORPORATION, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 6, 1979. Appellant is a nonprofit corporation involved in the rehabilitation through work experience of ex-offenders, ex-addicts, delinquent youths and mothers receiving Aid to Families with Dependent Children. Employment for these individuals, denominated crewmembers, is sought by appellant as a part of the rehabilitation process. Appellant seeks a refund of unemployment insurance contributions, contending that the services rendered by its crewmembers should be excluded from the term "employment" pursuant to section 563 (subd 2, par [d]) of the Labor Law. The board found that such services should not be so excluded and denied appellant a refund. This appeal ensued. Subdivision (d) of section 563 of the Labor Law excludes from the term "employment" services rendered for a nonprofit organization by a person who "(1) receives rehabilitative services in a facility conducted for the purpose of carrying out a program of rehabilitation for individuals whose earning capacity is impaired by age or physical or mental deficiency or injury or (2) is given remunerative work in a facility conducted for the purpose of providing such work for persons who cannot be readily absorbed in the competitive labor market because of their impaired physical or mental capacity" (Labor Law, § 563, subd 2, par [d], cls [1], [2]). At the hearing, appellant's general counsel conceded that the statutory language in question was drafted before appellant came into existence and that its type of operation was not then envisioned. It is also not disputed that the Legislature had before it an amendment to section 511 of the Labor Law excluding from the term "employment" services performed by an individual receiving work relief or work training as part of an unemployment work relief or work training program assisted or financed in whole or in part by any Federal agency or any agency of the State or a political subdivision thereof. It was concluded by the board that if the Legislature had intended to exclude the services performed by the crewmembers herein, they could have done so by adopting such amendment. Since the evidentiary facts herein are undisputed and the issue involves policy considerations relating to the intended scope of the statute, "the question is one to the determina-

tion of which the Appeal Board may bring to bear its own special competence in carrying out the supervisory authority conferred on it by the Legislature." *(Matter of Fisher [Levine],* 36 NY2d 146, 150.) Considering the record in its entirety, we cannot say that the construction placed upon the statute by the board is either irrational or unreasonable and, therefore, it should be affirmed (see *Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Dwyer [Ross],* 72 AD2d 853; *Matter of Peak [North Colonie Cent. School Dist.—Ross],* 72 AD2d 854). Decision affirmed, with costs. Mahoney, P. J., Sweeney, Staley, Jr., Casey and Herlihy, JJ., concur.