■ In the Matter of the Claim of IRVING LEWIS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 25, 1980, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive trade readjustment assistance under the Trade Act of 1974 (US Code, tit 19, § 2101 *et seq.)* on the ground that he was not in adversely affected employment. Pursuant to Federal statute, an adversely affected worker covered by a certification who files an application is entitled to the payment of a trade readjustment allowance under certain circumstances (US Code, tit 19, § 2291). An adversely affected worker is one who, because of lack of work in adversely affected employment, has been totally or partially separated from such employment or has been totally separated from employment with the firm in a subdivision of which such adversely affected employment exists (US Code, tit 19, § 2319, subd [2]). The term "adversely affected employment" is defined as employment in a firm or appropriate subdivision of a firm, if workers of such firm or subdivision are eligible to apply for adjustment assistance (US Code, tit 19, § 2319, subd [1]). A certification was issued wherein it was determined that, "All workers at the Watch Manufacturing Division of Bulova Watch Company, Incorporated, Jackson Heights, New York who became totally or partially separated from employment on or after February 21, 1977 are eligible to apply for adjustment assistance under Title II, Chapter 2 of the Trade Act of 1974." Claimant was employed in the purchasing department at Bulova Watch Company, Inc., in Jackson Heights, New York. The purchasing department was a part of Division 1, which was the administrative section of the employer. Claimant's basic job duties consisted mainly of purchasing raw materials, tools and other supplies for the watch manufacturing division, known as Division 5, although he did some purchasing for other sections. The certification rendering certain workers eligible for trade readjustment allowances encompassed all workers in Division 5, the watch manufacturing division. On September 11, 1979, claimant applied for a trade readjustment allowance and the board found that his employment was not as a worker in the watch manufacturing division. The board concluded that the certification applied to those who actually worked at the manufacture of watches for the employer and, therfore, ruled claimant ineligible to receive a trade readjustment allowance. This appeal ensued. In view of the fact that the certification applied only to a particular subdivision of the employer, the issue narrows to whether or not claimant was an adversely affected worker within the adversely affected employment of that subdivision. Although claimant purchased materials and supplies for use in Division 5, he was employed in Division 1, which was an administrative division. The board's interpretation of the statutory language relevant herein may not be disturbed by this court, provided that its construction is not irrational or unreasonable *(Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Dwyer [Ross],* 72 AD2d 853, 854). Considering the record in its entirety, we are of the view that the board's decision is neither irrational nor unreasonable and, therefore, it must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.