■ In the Matter of SPENCERPORT TRANSPORTATION ASSN., NYSUT, AFT, AFL-CIO No. 3744, et al., Petitioners, v PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and BOARD OF EDUCATION OF THE SPENCERPORT CENTRAL SCHOOL DISTRICT, Intervenor-Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board, which dismissed improper practice charges brought pursuant to section 209-a of the Civil Service Law. The intervenor in this proceeding and in the companion case of *Matter of Galway Unit of Civ. Serv. Employees Assn. v Newman* (80 AD2d 704) are school districts seeking to minimize their exposure to the payment of unemployment insurance benefits on behalf of nonprofessional employees who are unemployed during the ordinary vacation and summer closing periods of the school year. In compliance with the provisions of subdivision 11 of section 590 of the Labor Law,* the school districts sent directly to their employees prior to vacations and summer closing periods letters or notices that their employment would continue following the interruption. It is now established that such notices do serve to preclude the employees from receiving unemployment insurance benefits during such period of unemployment *(Matter of La Mountain [Ross],* 51 NY2d 318, affg *Matter of Hess [Ross],* 70 AD2d 374). Initially, petitioners take the position that since they are the certified representatives of the employees, the intervenor must negotiate the period of employment for individual employees with them and cannot deal directly with such employees. However, in the case of *Matter of Burke v Bowen* (40 NY2d 264), it was noted that "job security" is not a term or condition of employment under the Taylor Law (Civil Service Law, § 204, subd 2) and is not a *mandatory* subject for negotiation. Further, in the case of *Matter of La Mountain (Ross) (supra),* it was held that subdivision 11 of section 590 of the Labor Law expressly contemplated the direct dealing between the non-

---

* Subdivision 11 of section 590 states: "If a claimant was employed in other than an instructional, research or principal administrative capacity by an educational institution which is not an institution of higher education, the following shall apply to any week commencing during the period between two successive academic years or terms *provided the claimant as a member of a collective bargaining unit has a written*
(n. contd.)

professional employees of school districts and their employer. The *La Mountain* case expressly rejects the theory of petitioners herein that for purposes of unemployment insurance it is required by subdivision 11 of section 590 of the Labor Law that union members be governed by the terms (or lack of terms) of a collective bargaining agreement. Accordingly, petitioners have not established that PERB erred in concluding that the issue of length of individual contracts of employment was not a subject of mandatory negotiation. Having established that issues relating to the length of individual contracts are not subject to mandatory negotiation, PERB's finding that the direct dealing did not constitute a deliberate attempt to deprive the employees of any of their rights guaranteed by the Taylor Law cannot be said to lack a rational basis. As stated by PERB: "on the facts in these cases, the employers have met the burden of explaining their actions as being motivated by legitimate business concerns and not by a design to interfere with the organizational rights of employees." Determination confirmed, and petition dismissed, with costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.

*contract which continues his services in such capacity for any such institution or institutions for both of such academic years or terms or an individual contract to perform services for such period if he is not a member of a bargaining unit"* (emphasis added).