■ In the Matter of the Claims of ETHEL W. HALPERIN et al., Respondents. NEW YORK CITY BOARD OF EDUCATION, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 23, 1983, which ruled that claimants were entitled to receive benefits. ¶ Over the employer's objection, the

board determined that claimants, noninstructional employees, were eligible for benefits during their 1982 summer recess. In so ruling, the board rejected the employer's contention that claimants were disqualified from receiving benefits during the period of the summer recess by operation of subdivision 11 of section 590 of the Labor Law. Specifically, the board found without merit the employer's contention that subdivision 11 of section 590, as interpreted by the Court of Appeals, provides that noninstructional school employees are ineligible for unemployment insurance benefits for the summer recess *if* they have a *reasonable assurance* of continuing employment in the next school year. Rather, the board took the position that subdivision 11 requires something more certain than the "reasonable assurance" showing mandated by subdivision 10 of section 590 of the Labor Law. A reading of *Matter of La Mountain (Westport Cent. School Dist. — Ross)* (51 NY2d 318), however, instructs us that the requirements of subdivisions 10 and 11, although couched in different words, are one and the same (*id.,* at pp 331-332, 335-336; cf. *Matter of McCann [Ross],* 74 AD2d 697, affd 53 NY2d 924).* Indeed, the board's position on this appeal mirrors that taken by the dissent in *Matter of La Mountain.* Since the board applied an erroneous standard in rendering its determination, the decision must be reversed and the matter remitted to the board for a redetermination based upon the test mandated by the Court of Appeals in *Matter of La Mountain.* ¶ Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.

* As noted in the dissenting opinion by Chief Judge Cooke, "[w]hat the majority in effect does is read the more liberal disqualification standards for professional employees, contained in subdivision 10 (of section 590), into subdivision 11". (*Matter of La Mountain [Westport Cent. School Dist. — Ross],* 51 NY2d 318, 335, *supra*).