■ In the Matter of the Claim of GEORGE LAUDADIO, Respondent. CITY UNIVERSITY OF NEW YORK, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 1984, which ruled that claimant was entitled to receive benefits effective July 4, 1983.

Claimant was employed as a teacher in two separate positions with the City University of New York during 1983. During the 1983 spring semester, he worked as an adjunct lecturer at the Borough of Manhattan Community College (BMCC). He had also worked as a continuing education teacher at York College since September 1981. By an April 1, 1983 letter from BMCC, claimant was notified that he would be reappointed during the fall term as an adjunct lecturer "subject to sufficiency of registration, financial ability and curriculum needs". York College simply asked whether claimant would be available to teach as a continuing education teacher in the fall semester, but claimant was not notified whether a position would be available. Claimant was not retained by BMCC as an adjunct lecturer in the fall term despite sufficient enrollment. He was not rehired by York College until October of 1983. Claimant's application for unemployment insurance benefits, made after the conclusion of the 1983 spring semester, was rejected on the ground that he had a reasonable assurance of continued employment in an instructional capacity within the scope of Labor Law § 590 (10). An administrative law judge (ALJ) overruled this initial determination, holding that claimant was not accorded a reasonable assurance of continued employment. The Unemployment Insurance Appeal Board affirmed the ALJ, and this appeal by the employer ensued.

Initially, we agree that reasonable assurance of continued employment as a continuing education teacher was lacking (see, Matter of Jama [City Univ.] v Roberts, 96 AD2d 1007). Similarly, the ALJ concluded that the April 1, 1983 letter from BMCC was simply "pro forma" and that no reasonable assurance of employment was provided. In so ruling, the ALJ emphasized that claimant was not reappointed despite adequate enrollment and was compelled to file a grievance in order to secure reappointment as an adjunct lecturer for the 1984 spring semester. The employer contends that the April 1, 1983 letter was not merely "pro forma", but was sent in accordance with article 10.1 (a) (3) of the collective bargaining agreement, applicable to adjunct lecturers. That provision confirms that claimant was entitled to a notice of reappointment or non-reappointment on or before April 1, 1983. Although claimant was not rehired for the 1983

fall semester, the employer asserts that this omission did not detract from the validity of the April 1, 1983 notice, but was the consequence of an administrative error which was duly acknowledged and rectified by the employer in settling claimant's grievance. Whether claimant actually received reasonable assurance within the context of Labor Law § 590 (10) necessarily presents a factual question for Board resolution (*see, Matter of Miller [Ross]*, 78 AD2d 561). In our view, the construction given in the instant case to the April 1, 1983 letter was neither irrational nor unreasonable and should be upheld.

Decision affirmed, without costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.