■ In the Matter of the Claims of ETHEL W. HALPERIN et al., Respondents. NEW YORK CITY BOARD OF EDUCATION, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Main, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 9, 1985, which ruled that claimants were entitled to receive benefits.

Claimants, all of whom were noninstructional employees of the New York City Board of Education (the employer) during the 1981-1982 school year, applied and were initially determined to be eligible for unemployment insurance benefits during their 1982 summer recess. The employer objected, noting that it had sent to each claimant a letter that provided a reasonable assurance to them that they would be rehired during the 1982-1983 school year. The Unemployment Insurance Appeal Board rejected the employer's argument, stating that Labor Law § 590 (11) required something more than a reasonable assurance. This court reversed that decision upon the ground that the Board had applied an incorrect standard (102 AD2d 933). Specifically, we pointed out that the proper standard to be applied in cases falling under Labor Law § 590 (11) was the reasonable assurance standard as enunciated by the Court of Appeals in *Matter of La Mountain (Westport Cent. School Dist.—Ross)* (51 NY2d 318). Accordingly, we remitted the matter to the Board for further proceedings.

After such further proceedings were conducted, the Board again determined that claimants were entitled to unemployment benefits, this time applying the reasonable assurance test as directed by this court. The employer has again appealed the Board's decision.

The determination in this case of whether claimants had received reasonable assurance of continued employment was a factual one to be resolved by the Board *(see, Matter of Laudadio [City Univ. of N. Y.—Roberts],* 108 AD2d 1091). Unless irrational or unreasonable, such determination should be upheld by this court *(see, id.).* To be sure, there is some support in the record for the employer's position that claimants, who had been employed during the 1981-1982 school year as substitute school secretaries or secretarial assistants, had indeed been reasonably assured that they would all be rehired after the 1982 summer recess. However, given the limited scope of our review, we conclude that the Board's decision is neither irrational nor unreasonable and should, therefore, be sustained.

Under slightly different circumstances, the letters sent to

claimants just prior to the summer recess may have provided the reasonable assurance required by Labor Law § 590 (11) *(see, Matter of La Mountain [Westport Cent. School Dist.— Ross], supra; Matter of Spencerport Transp. Assn. v Public Employment Relations Bd.,* 80 AD2d 704, *lv denied* 53 NY2d 605). Here, however, the employer conceded that, although the letters were sent to all persons whose names appeared on a master list maintained by its personnel office, the services of substitute secretarial employees such as claimants were, during the 1982-1983 school year, engaged by the individual schools within the district rather than by the employer. There was absolutely no requirement that the schools hire from such list. Thus, as the board noted, the list maintained by the employer had little or no relationship to claimant's actual employment prospects for the upcoming school year *(see, Matter of Maass [Ross],* 77 AD2d 765). Moreover, although there admittedly was a district-wide shortage of secretarial employees such as claimants, there was absolutely no showing that such shortage existed in the individual schools where each claimant had worked during the 1981-1982 school year. With these facts prevailing, there should be an affirmance.

Decision affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Harvey, JJ., concur.