■ In the Matter of the Claim of PERFECTA S. ALCID, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 13, 1987, which ruled that claimant was ineligible to receive unemployment insurance benefits and charged her with a recoverable overpayment of benefits.

In March 1986, claimant accepted a position as a teacher's aide with the Enlarged City School District of Troy (hereinafter School District) in Rensselaer County. She was temporarily filling in for another individual who was on a leave of absence. Her initial appointment was to last until the end of the school year, June 27, 1986. However, when it became apparent that the position would remain open during the ensuing school year, claimant indicated an interest in remaining in the position. Claimant was informed by the Board of Education of the School District by letter dated July 14, 1986 that she was recommended for appointment to the same position. The July 14, 1986 letter stated that a formal letter setting forth salary and other pertinent information would be sent after the Board of Education's August 19, 1986 meeting. The July 14, 1986 letter closed by saying that they looked forward to having claimant back to work with them in the fall. At the August 19, 1986 meeting of the Board of Education, claimant was formally appointed to the position.

In the meantime, claimant had filed for unemployment insurance benefits on June 30, 1986. The application was initially approved and she received benefits throughout the

summer of 1986. The local office subsequently determined that, pursuant to Labor Law § 590 (11), claimant had been ineligible to receive benefits effective July 14, 1986. She was charged with a recoverable overpayment of $875. This aspect of the initial determination was ultimately upheld by the Unemployment Insurance Appeal Board (hereinafter the Board). Claimant appeals.

Claimant contends that she was entitled to benefits throughout the summer months since she was not formally appointed to the teacher's aide position until August 19, 1986. It is now well established that school employees such as claimant are ineligible for unemployment insurance benefits during summer months if they have a *reasonable assurance* of continuing employment in the next school year *(see,* Labor Law § 590 [11]; *see also, Matter of La Mountain [Westport Cent. School Dist.— Ross],* 51 NY2d 318). Determining whether a claimant received reasonable assurance is a factual question for the Board which must be upheld if supported by substantial evidence *(Matter of Halperin [New York City Bd. of Educ.— Roberts],* 122 AD2d 412; *Matter of Laudadio [City Univ.— Roberts],* 108 AD2d 1091, 1092).

Here, the Board concluded that the July 14, 1986 letter from the School District's Board of Education constituted reasonable assurance of continued employment. As previously stated, the July 14, 1986 letter informed claimant that she had been recommended for the position and that the School District looked forward to seeing her in the fall. It gave the indication that the approval of her appointment at the August 19, 1986 meeting of the Board of Education was little more than a formality. Further supporting this was testimony at the hearing by claimant and an employee of the School District that neither had any knowledge of the Board of Education not approving an individual in a case such as claimant's. It was also stated at the hearing that an individual's benefits are terminated if they are not going to return in the fall. Claimant's benefits, however, were continued throughout the summer months. In light of this evidence, we cannot say that the Board's determination that the July 14, 1986 letter constituted reasonable assurance was irrational or unsupported by substantial evidence. Claimant's benefits after July 14, 1986 were thus properly deemed recoverable *(see,* Labor Law § 597 [4]; *Matter of Gray [Roberts],* 130 AD2d 904, 905).

Decision affirmed, without costs. Kane, J. P., Casey, Mikoll, Harvey and Mercure, JJ., concur.