■ In the Matter of the Claim of LEONARD SANDICK, Respondent. NEW YORK CITY BOARD OF EDUCATION, Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 944] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 23, 1992, which ruled

that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a per diem substitute teacher for the employer during the 1990-1991 school year. By a June 12, 1991 letter from the employer, claimant was notified that the employer "anticipate[d] as much work for day-to-day per diem substitutes during the 1991-92 school [year] as there was in the 1990-91 school year". The letter went on to state that per diem substitutes "should stay in contact with the representative of the schools and districts in which they served". On July 9, 1991, claimant applied for unemployment insurance benefits and was initially ruled ineligible. Claimant objected, contending that he had not received reasonable assurance of continued employment within the meaning of Labor Law § 590 (10). The Unemployment Insurance Appeal Board ultimately ruled in claimant's favor, prompting this appeal by the employer.

The determination of whether claimant received reasonable assurance of employment for the 1991-1992 school year was a factual one for the Board to resolve and unless the determination was irrational or unreasonable it must be upheld (see, *Matter of Halperin [New York City Bd. of Educ.—Roberts]*, 122 AD2d 412). Here, the Board found that the June 12, 1991 letter was not competent proof that claimant's name would be or was on a substitute list or that claimant was going to be considered for per diem work. In our view, it cannot be said that the Board's construction of the letter was irrational or unreasonable (see, *Matter of Laudadio [City Univ.—Roberts]*, 108 AD2d 1091). The letter made no promise of a job and did not specify what need might exist in particular schools. It did not state that claimant was on any substitute list maintained by either the employer or the individual schools that did the hiring or that he would be hired from such a list. Instead it placed the burden on claimant to contact the schools if he was interested in teaching (cf., *Matter of Alcid [Hartnett]*, 142 AD2d 778; *Matter of Barton [City Univ.—Roberts]*, 125 AD2d 858).

The Board also found that the employer failed to produce a witness with personal knowledge of its personnel practices and hiring procedures and that there was no testimony from those who compile or use the list from which the substitutes were called. The employer's witness offered no testimony as to how substitute lists were prepared or how hiring practices related to such lists. He merely stated that because claimant

had taught at a number of schools his name must be on file *(cf., Matter of Luchun [New York City Bd. of Educ.—Hudacs],* 186 AD2d 848; *Matter of Williams [City School Dist.—Ross],* 81 AD2d 928, *lv denied* 54 NY2d 608). Claimant testified that the employer maintained no list. Although the employer's witness offered evidence of a substitute shortage, there was no showing that such a shortage existed in the individual schools where claimant had worked *(see, Matter of Halperin [New York City Bd. of Educ.—Roberts], supra).* Under these circumstances, the Board's conclusion that the credible evidence established that claimant did not have a reasonable assurance of employment must be upheld. The employer's remaining contentions have been considered and rejected as unpersuasive.

Weiss, P. J., Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.