■ In the Matter of the Claim of CHRISTINE MAKIS, Respondent. OWEGO APALACHIN CENTRAL SCHOOL DISTRICT, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. In the Matter of the Claim of CHRISTINE MAKIS, Respondent. CANDOR CENTRAL SCHOOL DISTRICT, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [650 NYS2d 52] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 15, 1995, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant had worked on a per diem basis as a substitute teacher in six different school districts. In June 1994, Owego Apalachin Central School District and Candor Central School District notified claimant that her name would appear on a list of substitute teachers available for the 1994-1995 school year. Claimant thereafter applied for unemployment insurance benefits for which the Board, in two separate decisions, found her to be eligible on the ground that respondents had not given claimant "reasonable assurance" of employment within the meaning of Labor Law § 590 (10), which would have rendered her ineligible for benefits.

The issue of whether claimant received "reasonable assurance" of employment is a factual one for the Board to determine and such determination will not be disturbed so long as it is supported by substantial evidence (see, *Matter of Sandick [New York City Bd. of Educ.—Hudacs]*, 197 AD2d 737, 738). We find that there is substantial evidence in the record to support the Board's determination. The school districts involved in this matter could not give claimant "reasonable assurance" of employment because they did not have control over whether she would be called to substitute teach. Such control had been contracted out by each school district to an independent agency whose job it was to compile lists of available substitute teachers and then to select the teacher who would be hired for each job, using the agency's own criteria to make the selections. The Board's conclusion that the presence

of claimant's name on the lists of available substitute teachers did not constitute "reasonable assurance" that claimant would be employed by the school districts is supported by substantial evidence in the record and we, accordingly, affirm (*see, supra,* at 738; *see also, Matter of Maass [Ross],* 77 AD2d 765, 766; *cf., Matter of Lombard [New York City Bd. of Educ.—Hudacs],* 201 AD2d 807).

Cardona, P. J., Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered. that the decisions are affirmed, without costs.