■ In the Matter of the Claim of CHRISTINE MAKIS, Appellant. TOMPKINS-SENECA-TIOGA BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent; COMMISSIONER OF LABOR, Respondent. [675 NYS2d 175] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 10, 1997, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because she had a reasonable assurance of continued employment.

Claimant, a substitute teacher certified in art, worked on a per diem basis for six school districts during the 1995-1996 academic year. When claimant subsequently applied for unemployment insurance benefits for the 1996 summer recess, an Administrative Law Judge ruled that each of the affected school districts had provided claimant with a reasonable assurance of continued employment for the upcoming academic year and, hence, claimant was ineligible to receive benefits pursuant to Labor Law § 590 (10). Upon claimant's appeal, the Unemployment Insurance Appeal Board sustained the findings as to three of the six school districts, Tompkins-Seneca-Tioga Board

of Cooperative Educational Services, Ithaca City School District and Candor Central School District (hereinafter collectively referred to as the school districts), finding that each indeed had given claimant a reasonable assurance of continued employment. This appeal by claimant ensued.

We affirm. Whether a claimant received a reasonable assurance of employment is a factual issue for the Board to resolve and such determination, if supported by substantial evidence, will not be disturbed (*see, Matter of Sandick [New York City Bd. of Educ.—Hudacs]*, 197 AD2d 737, 738). Here, claimant received letters from the school districts providing her with a reasonable assurance of employment for the 1996-1997 school year. Additionally, it appears from the record that claimant's name had been placed upon the respective school districts' list of approved substitute teachers for the upcoming academic year, and representatives from each of the school districts testified that based upon claimant's certification, her prior substitute experience with each school district and the anticipated need for substitute teachers during the 1996-1997 school year, claimant could be expected to earn at least 90% of her prior year's earnings during the 1996-1997 school year. Accordingly, we find that there is substantial evidence to support the Board's decision. Claimant's remaining contentions, including her assertion that Ithaca City School District and Candor Central School District retained insufficient control over the hiring process to give her a reasonable assurance of continued employment, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.