■ In the Matter of the Claim of AMBER DIXON et al., Respondents. BUFFALO BOARD OF EDUCATION, Appellant; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 640] —Crew III, J. P. Appeals from six decisions of the Unemployment Insurance Appeal Board, filed June 6, 1997, June 11, 1997 and June 23, 1997, which ruled that claimant Amber Dixon and 19 other similarly situated claimants were eligible for unemployment insurance benefits.

Claimants are 20 temporary teachers who were employed by the Buffalo Board of Education (hereinafter the employer) during the 1994-1995 academic year. At the conclusion of the school year, claimants applied for unemployment insurance benefits and, ultimately, the Unemployment Insurance Appeal

Board ruled that claimants were entitled to such benefits because the employer had not provided claimants with a reasonable assurance of continued employment within the meaning of Labor Law § 590 (10) for the 1995-1996 academic year. This appeal by the employer ensued.

We affirm. Initially, we note that the employer, despite having had the opportunity to do so, admittedly failed to offer any proof at the administrative hearing regarding claimant Maria Orta. With respect to the remaining 19 claimants, it is well settled that the issue of whether a claimant received a reasonable assurance of employment is a factual question for the Board to resolve and such determination, if supported by substantial evidence, will not be disturbed (*see, Matter of Makis [Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.—Commissioner of Labor]*, 251 AD2d 928, 929), even if other evidence in the record would support a contrary conclusion (*see generally, Matter of Halperin [New York City Bd. of Educ.—Roberts]*, 122 AD2d 412).

Here, although the employer sent claimants a letter in June 1995 advising that their services would be continued for the 1995-1996 academic year, the Board concluded, in light of the proof adduced at the administrative hearings regarding the respective claimants' particular employment situations, that the employer did not in fact provide claimants with a reasonable assurance of continued employment. Based upon our review of the record as a whole, we cannot say that the Board's findings in this regard are not supported by substantial evidence.

Specifically, with respect to the 10 claimants who worked in either the mathematics or corrective mathematics programs, the Board's findings that such claimants did not receive a reasonable assurance of employment were supported by the extensive testimony regarding, *inter alia*, the planned staff cuts for these departments. Similarly, with respect to those claimants employed in either the social studies or vocational arts areas, we cannot say that the Board erred in concluding that the employer failed to provide competent testimony regarding hiring lists and practices for those areas and, in so doing, failed to demonstrate that it had provided these claimants with a reasonable assurance of employment for the 1995-1996 academic year. The employer's remaining arguments, including those addressed to the Board's findings regarding claimant Thomas Troy, have been examined and found to be lacking in merit.

White, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decisions are affirmed, without costs.