■ In the Matter of Arbitration between CITY OF SCHENECTADY, Respondent, and SCHENECTADY POLICE BENEVOLENT ASSOCIATION, Appellant. [734 NYS2d 719] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 21, 2000 in Schenectady County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties, and vacated respondent's demand for arbitration.

Respondent is the collective bargaining agent for all police officers employed by petitioner's police department. Petitioner and respondent are parties to a collective bargaining agreement (hereinafter the CBA), which provides, inter alia, that all police department employees, who so select, will be provided retirement benefits based upon average earnings during the 12-month period prior to retirement pursuant to Retirement and Social Security Law § 302 (9) (d). At the time of the execution of the CBA, Retirement and Social Security Law § 302 (9) (d) applied only to tier I employees, and petitioner adopted said benefits for all such employees. Following execution of the

---

CBA, the Legislature enacted Retirement and Social Security Law § 443 (f), which made the retirement benefits of Retirement and Social Security Law § 302 (9) (d) available, at the employer's election, to both tier I and tier II employees (*see,* L 1999, ch 638).

Respondent served a policy grievance on petitioner in accordance with the CBA and then filed a demand for arbitration alleging that petitioner violated the CBA by failing to provide Retirement and Society Security Law § 302 (9) (d) benefits to all members of the bargaining unit, including tier II employees. Thereafter, petitioner moved pursuant to CPLR 7503 (b) to stay arbitration on the ground that the dispute was not arbitrable. Supreme Court granted the petition and this appeal ensued.

In determining whether this public sector grievance is subject to arbitration, we are governed by the two-step analysis set forth in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509, 513). Our first inquiry is whether respondent's arbitration claim respecting the particular subject matter is authorized by the Taylor Law (Civil Service Law art 14). Neither party asserts that public policy prevents arbitration of the subject matter in question and, therefore, we must concern ourselves with the second inquiry, which is whether the parties agreed to arbitrate the grievance in question (*see, id.*). In resolving this issue, we are instructed not to become involved in merit inquiries but, rather, to determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA (*see, Matter of Board of Educ. [Watertown Educ. Assn.],* 93 NY2d 132, 143).

Here, the CBA provides that "[p]ursuant to the provisions of [Retirement and Social Security Law § 302.9 (d)] * * * [petitioner] will provide retirement benefits based upon the average earnings during the twelve (12) month period prior to * * * retirement." Respondent claims that petitioner is in violation of such provision inasmuch as it is not providing such benefits to all members of its police department. Most assuredly, there is a decided relationship between the subject in dispute and the general subject of the CBA. Petitioner would have us interpret the substantive provisions of the CBA and find that the subject of the grievance could not have been contemplated by the parties at the time that they executed the CBA, inasmuch as the provisions of Retirement and Social Security Law § 443 (f) were not in existence at that time and, therefore, the benefits accorded by such section were not and

could not have been bargained for. Such contract interpretation is precisely the kind of merit inquiry that we are admonished not to engage in (*see, e.g., Matter of Committee of Interns & Residents [Dinkins]*, 86 NY2d 478, 486).

To the extent that petitioner contends that Retirement and Social Security Law § 443 (f-1) precludes the arbitration sought here, we disagree. That section provides that an unsuccessful demand for Retirement and Social Security Law § 443 (f) benefits, during collective bargaining negotiations, shall not be subject to compulsory interest arbitration as provided for in Civil Service Law § 209 (4). It does not address and, therefore, does not prohibit such issue from being raised, as here, in contractual grievance arbitration.

Cardona, P. J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.