OPINION OF THE COURT
David B. Saxe, J.
Does the term “weekdays” that appears in subdivision (a) of section 1403.3-4.11 of the Administrative Code of the City of New York (which generally prohibits construction work except during certain designated hours on “weekdays”) include Saturday? This question is raised in the context of an article 78 proceeding instituted by the petitioner, John Civetta & Sons, Inc., against the respondent, the Environmental Control Board of the City of New York (the ECB) challenging their imposition of a fine against the petitioner for violating the above-cited code section based on a determination that the term “weekday” did not include Saturdays. I hold that the ECB’s determination was reasonable and accordingly, the petition is denied.
On May 6, 1978 the petitioner was issued a notice of violation under subdivision (a) of section 1403.3-4.11 of the Noise Control Code (Administrative Code of City of New *603 York, § 1403.3-1.01 et seq.) for operating on Saturday two air compressors, one pavement breaker and one crane at a construction site located at West 63rd Street in Manhattan.
After a hearing before the ECB, the petitioner was found to have violated subdivision (a) of section 1403.3-4.11 and ordered to pay a fine of $100. On administrative appeal, the decision, order, findings of fact and conclusions of law of the lower tribunal were all affirmed by the ECB.
The petitioner then started this CPLR article 78 proceeding to contest the board’s action, to challenge the constitutionality of the code section in question and the interpretation given by the ECB to its terms.
Subdivision (a) of section 1403.3-4.11 of the Administrative Code provides: “Except as otherwise provided in this section, no person shall engage in or permit any person to be engaged in construction activities in any zone other than on weekdays between the hours of 7 a.m. and 6 p.m.”
The petitioner has not established that the code section is, in any form, constitutionally objectionable. The only issue is one of statutory construction — whether the term “weekday” is intended to include or exclude construction activities performed on a Saturday. The petitioner contends that “weekdays” are all of the days of the week with the exception of Sunday. Since its construction activities occurred on a Saturday between the prescribed permissible hours, it contends that no violation occurred.
The intention of the lawmaking body is first to be sought from a literal reading of the act, but if the meaning is still not clear the intent may be ascertained from such facts and through such rules as may, in connection with the language, legitimately reveal it. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92, subd b.) The word “weekdays”, as used herein, creates an ambiguity that cannot be resolved solely from a literal reading of the section.
Both the petitioner and the respondent have advanced arguments in support of their respective theories that Saturday is or is not included within the intended scope of the word.
*604 Urging primarily a lexicographical approach, the petitioner has resorted to various dictionaries to discover the true meaning of the term. Six of the dictionaries surveyed by the pétitioner define the expression consistent with its interpretation. However, two other dictionaries consulted by it, Webster’s Third International Dictionary (1965) arid American Heritage Dictionary of the English Language (1969) each provide two alternative definitions: one which includes Saturday and one which does not. Contrary to the petitioner’s contention, this fact makes it ever more apparent that the term is ambiguous, and not plainly understood to have one meaning. The petitioner also cites legislation which contains the term “weekdays” and which conforms to its interpretation. (See Local Finance Law, § 58.00.) This, however, does not conclusively establish that the enactors of the Administrative Code section at issue here intended “weekdays” to have this same meaning, as is attributed to the word in other legislation, rather than an alternate connotation which excludes Saturday from its scope. Finally, the petitioner notes that the custom and practice within the construction field itself is that of a six-day work week, including Saturday.
The respondents take a different approach. They ask this court, in attempting to ascertain the intended meaning of the ambiguous term, to focus in upon the object, spirit and purpose of the code section. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 96.)
The purpose of the Noise Control Code is to protect citizens from the intrusion of noise caused by construction activity. (See Administrative Code, § 1403.3-1.03.) To advance this policy the respondent contends that the term “weekdays” should be construed in such a manner as to afford maximum protection to city residents during the time when most are not at work and generally expect relaxation and quiet enjoyment. It therefore urges that the most reasonable construction is one which prohibits construction on weekdays, during the hours which are not expressly permitted and on weekends, entirely. (See, generally, New York Tel. Co. v New York Transp. Admin., 44 AD2d 784.) In view of the fact that variances are available to permit construction during other time periods, and *605 emergency construction is permitted without a variance (Administrative Code, § 1403.3-4.11, subd [b]) the respondent argues that the interpretation adopted by it is consistent with that intended by the drafters.
Moreover, upon review of the agency’s actions here, I am bound by the arbitrary and capricious standard. The construction given to a statute by the agency responsible for its enforcement must be upheld unless it is unreasonable or irrational. (Matter of Johnson v Joy, 48 NY2d 689; Matter of Hess [Ross], 70 AD2d 374, affd 51 NY2d 318.) Therefore, unless I find that the interpretation offered by the respondent was unreasonable, I must defer to their judgment, and may not substitute my own in their place.
The respondent has put forth sound reasons justifying its decision that the term “weekdays” as used in subdivision (a) of section 1403.3-4.11 was intended to mean Monday through Friday only. Therefore, the petitioner engaged in construction activities at a time when such was not permitted. Since the petitioner neither procured a variance nor established that the work was of an emergency nature, the respondent’s imposition of a fine against it was proper.
The petition is in all respects denied.