OPINION OF THE COURT
Robert G. Hurlbutt, J.
Petitioner in this CPLR article 78 proceeding seeks declaratory and injunctive relief, alleging that respondents failed to allow him certain exemptions from annual income for the purposes of rent calculation to which he is entitled pursuant to Public Housing Law § 156 and 9 NYGRR 1627-2.4 (a) and (b).
Petitioner is a tenant of the Fulton Housing Authority, a municipal housing corporation organized pursuant to the Pub- *1015 lie Housing Law for the purpose of providing low-rent housing for persons of low income. Petitioner alleges that from March 1985 through December 1987 respondent failed to properly apply to his family income the exemptions from income provided for in 9 NYCRR 1627-2.4 (a) and (b), and that as a result his monthly rent has been improperly calculated and he has been charged rent in excess of that which was properly due. Respondents deny that petitioner’s income has been calculated improperly and seek judgment of eviction for nonpayment of rent and judgment for rent in the sum of $610.43 allegedly owed by petitioner after all statutory exemptions are properly applied.
On June 10, 1987, a Board of Review hearing was held pursuant to 9 NYCRR 1627-7.3 to review petitioner’s appeal from respondents’ income and rent calculations. The Board found in favor of petitioner under 9 NYCRR 1627-2.4 (a) and directed the recalculation of petitioner’s rent. Thereafter, petitioner again appealed to the Review Board, alleging that the Authority’s recalculation was incorrect and that the Authority improperly neglected to apply an exemption allowed under 9 NYCRR 1627-2.4 (b). A second Board of Review hearing, held on October 6, 1987, resulted in the determination that petitioner owed the Authority the sum of $619.29 after all adjustments were applied.
9 NYCRR 1627-7.3 (c), which governs tenant appeals of administrative determinations, provides that "a decision of a majority of the board shall be final, subject only to review by appropriate judicial proceeding.” Petitioner contends that the determinations of the respondent with regard to the application of 9 NYCRR 1627-2.4 (a) and (b) to his income were arbitrary and capricious and he seeks judicial review pursuant . to CPLR 7803 (3).
In response to the petition, respondents submit an accounting of the petitioner’s rent calculations for each month from April 1985 through December 1987. Based upon this accounting, and the parties’ apparent agreement at oral argument, the court is satisfied that respondent has properly allowed to petitioner the $75 per month exemption from income provided for recipients of Social Security and pension income in 9 NYCRR 1627-2.4 (a).
The dispute between petitioner and the respondent Housing Authority appears to. be over the application of section 1627-2.4 (b) to petitioner’s family income. 9 NYCRR 1627-2.4 (b) *1016 provides as follows: "A proportion of income of adult members, other than chief wage earner, may be deducted from annual income in an amount adopted by the authority and approved by the Commissioner of Housing for the purpose of determining eligibility for admission or continued occupancy, of for establishing' rental of such family, or for all such purposes (Public Housing Law, § 156). The maximum amount presently approved by the commissioner is $2,000 per secondary wage earner per year per adult member, other than the chief wage earner, per year, but authorities may establish a limit lower than this maximum.”
Respondent Housing Authority maintains that it has never adopted a resolution pursuant to section 1627-2.4 (b), but that it has an "unwritten” policy permitting a deduction from annual income in the sum of $1,000 in situations such as those described in 9 NYCRR 1627-2.4 (b).
Petitioner contends that in 1987 his family income consisted of his Social Security and retirement benefits, his wife’s part-time employment and, during certain periods, his son’s income from employment. Petitioner claims to be entitled to the section 1627-2.4 (b) exemption from income in the sum of $1,000 when his wife is employed part time because his Social Security and retirement income is the chief source of income for the family, and when his wife is employed, she is a secondary wage earner. The respondents, however, argue that Social Security and pension income is not "wages” and that petitioner is not a "chief wage earner” within the meaning of the rule. Consequently, respondents contend that petitioner is not entitled to the $1,000 exemption when his spouse is employed, because she is not a secondary wage earner. Respondents concede that petitioner is entitled to the $1,000 exemption when both his spouse and his son are employed, as in that case there is a chief and secondary wage earner.
The court is called upon to determine whether the construction given to the subject rule by the agency responsible for its administration or enforcement is unreasonable or irrational, for if it is not, the agency interpretation must be upheld. (Matter of Johnson v Joy, 48 NY2d 689; Matter of Civetta & Sons v Environmental Control Bd., 116 Misc 2d 602.) The parties have not cited any authority for their respective positions, nor has the court found any precedent to aid in the construction of section 1627-2.4 (b). "The intention of the lawmaking body is first to be sought from a literal reading of the act, but if the meaning is still not clear the intent may be *1017 ascertained from such facts and through such rules as may, in connection with the language, legitimately reveal it.” (Matter of Civetta & Sons v Environmental Control Bd., supra, at 603.)
"Chief wage earner” is defined at 9 NYCRR 1627-2.3 (d) as a "person who is legally or morally responsible for dependents in household, whose income is generally from employment or self-employment and usually exceeds income of any other adult member of household.”
"Income” is defined at 9 NYCRR 1627-2.3 (i) as "that recurrent gain or benefit, measured in money which proceeds to a person from any source, although usually from his labor, business or property.”
"Secondary wage earner” is defined at 9 NYCRR 1627-2.3 (q) as ."any gainfully employed, adult member of the household other than the chief wage earner. It is not necessary for the chief wage earner to be gainfully employed for another household member to qualify as a secondary wage earner.”
The statutory definition of "chief wage earner” does not expressly exclude the petitioner. Petitioner is legally and morally responsible for dependents in his household. Petitioner’s income is not from employment or self-employment, but the use of "generally” in the statutory definition suggests that such sources of income are nonexclusive. The statutory definition of "chief wage earner” does not exclude income from sources other than employment or self-employment, and petitioner’s Social Security and pension benefits are clearly within the statutory definition of "income”. Moreover, the statutory definition of "secondary wage earner” states that it is not necessary for the chief wage earner to be gainfully employed for another household member to qualify as a "secondary wage earner”. Although "wage” is commonly thought of in terms of remuneration for labor or services, the statutory definitions quoted above do not tend to support the contention that a "chief wage earner” does not include an individual receiving Social Security and retirement benefits for the purpose of the application of 9 NYCRR 1627-2.4 (b).
The court must look beyond the language of the regulations to the intent of the enactment. "A basic consideration in the interpretation of a statute is the general spirit and purpose underlying its enactment, and that construction is to be preferred which furthers the object, spirit and purpose of the *1018 statute.” (McKinney’s Cons Laws of NY, Book 1, Statutes §96.)
The authority for section 1627-2.4 (b) is found in section 156 of the Public Housing Law. The purpose of the Public Housing Law is to provide adequate housing at rental rates which persons of low income can afford to pay. (Public Housing Law § 2.) The chief criterion for qualification, for admission and determination of rental rate is family income. 9 NYCRR 1627-2.4 (b) provides that a certain sum will be deducted from the total family income for the purposes of rent calculation, where adult members of the household other than the "chief wage earner” are employed. This rule provides a benefit to the family which contains more than a single earner, in order that adult family members not be deterred from seeking employment by the impact of the consequential rent increase. (See, Public Housing Law § 156 [1] [b] [3], and Historical Notes through 1971 — 1961 Amendment notes following § 156, in McKinney’s Cons Laws of NY, Book 44A, 1988 Pocket Part, at 74-75.)
Respondents have offered no reasonable or rational basis for the determination that petitioner is not a "chief wage earner” for the purposes of the application of the exemption from income afforded for secondary wage earners under section 1627-2.4 (b). There is no basis for a distinction between income from employment and income from Social Security benefits where petitioner’s income constitutes the family’s primary source of revenue and petitioner’s spouse seeks part-time employment resulting in additional family income of approximately $50 per week. The policy underlying section 1627-2.4 (b) applies equally where the primary earner works and where the primary earner receives retirement and/or Social Security income. Respondent Housing Authority has not offered any explanation or support for its contention that petitioner ought not to receive the section 1627-2.4 (b) exemption when his spouse is employed on a part-time basis (Matter of Civetta & Sons v Environmental Control Bd., supra, at 605), and the court does not perceive any reason that the policy of nondeterrence should not apply to this family. Respondents having failed to put forth any sound reason for their construction of section 1627-2.4 (b), the court holds such construction to be *1019 unreasonable in light of the object, spirit and purpose of the statutes and regulation.
Respondents are directed to recalculate petitioner’s rent for 1987, granting petitioner the $1,000 exemption for income for those periods where petitioner’s spouse was employed and the exemption was not already provided. All other requests for relief on this application are denied.