■ In the Matter of OAKWOOD CEMETERY ASSOCIATION, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal by the Commissioner from a decision of the Unemployment Insurance Appeals Board holding the employer exempt from the provisions of the Unemployment Insurance Law pursuant to subdivision 4 of section 560 of the Labor Law. The sole question raised here is whether the employer is exempt under subdivision 4 of section 560 which provides as follows: "Governmental and nonprofitmaking organizations. Municipal corporations and other governmental subdivisions, and any corporation, unincorporated association, community chest, fund, or foundation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, no part of the net earnings of

which inures to the benefit of any private shareholder or individual, shall not be employers liable for contributions under this article". This language imposes two requirements for exemption, (1) the institution must be organized and operated exclusively for charitable purposes, (2) "no part of the net earnings of which inures to the benefit of any private shareholder or individual." (*Matter of Mendelsohn*, 262 App. Div. 605, 609, affd. 295 N. Y. 691.) The record reveals that the second requirement has clearly been met. Whether a cemetery association is considered as being organized exclusively for charitable purposes is more difficult to resolve, due to an apparent lack of precedent in this jurisdiction. The record reveals that the employer was organized in December of 1880 pursuant to chapter 133 of the Laws of 1847. Its sole activity is the operation of a 32-acre tract of land used exclusively for burial purposes. Lots are sold on a nonsectarian basis with 80% of the proceeds utilized as working capital and the remainder devoted to perpetual care of the cemetery grounds. The board found that burial charges barely equal the cost of labor involved. Further, a 10% of the total plots in the cemetery have been devoted to welfare cases from the Town of Islip with a charge to the town of only $5 per grave. Even though the act under which the corporation was formed exempted such cemeteries from all public taxes, rates and assessments, and despite the fact that cemeteries are among the organizations exempted from taxation under section 420 of the Real Property Tax Law, this is not conclusive of respondent's rights under the Unemployment Insurance Law, because of the language of the Labor Law, subdivision 5 of section 560 which says: "No exemption from taxation granted under any other law of the state shall be so construed as to apply to the payment of contributions under this article." In other jurisdictions which have faced this issue the results have been divided and are of little help here. In an area with so few guidelines we find substantial significance in the fact that in 1961 the Legislature enacted an amendment to subdivision 1 of section 560 of the Labor Law which would have given a flat $1,200 a year payroll deduction to cemetery associations rather than the present $300 per quarter. Although the Governor vetoed this legislation, its enactment would, of course, have been completely unnecessary if such associations were already exempt entirely from paying unemployment insurance contributions under subdivision 4 of section 560. Further we conceive that social legislation of the type here involved should be construed to provide protection to as many employees as possible and thus that exemption should be found only where the legislative standards for exemption are clearly met. Accordingly, we find the instant association is not exempt. Decision reversed, without costs. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.