In the Matter of JOSEPH GRAZIANO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 5, 1973, determining claimant ineligible to receive benefits because he had no covered employment during his base period. Claimant worked as Director of Communications for the American University of Beirut, a nonprofit institution of higher education, for four years until October 4, 1971. His duties included public relations work, such as the preparation of articles, news releases, films and other items which would give publicity to the university, and arranging for the publication and dissemination of these articles, releases and films. He worked alone and had no staff. Educationally, he held an A. B. degree and a masters degree in arts and journalism. His salary was $19,500 per year. He was denied benefits on the basis of section 563 (subd. 2, par. [b], cl. [1]) of the Labor Law (L. 1965, ch. 740, § 2), the pertinent parts of which are as follows: " The term 'employment' also does not include services rendered for a non-profit educational organization, including institutions of learning operated by religious

organizations, by (1) a person engaged in a teaching or other professional capacity". Claimant contends that this section pertains to one involved in teaching, and that " other professional capacity", under the doctrine of *ejusdem generis*, refers to teaching; that since claimant was not engaged specifically in teaching activities, he is, therefore, entitled to benefits. The board found that "The position occupied by claimant requires extensive training and experience. It entails responsible work at a higher level. Accordingly, it is held that claimant's position with the employer was in a professional capacity and this employment is therefore excluded from coverage." The construction of the statutory term "professional" in determining whether claimant's employment was of a professional nature is a matter within the province of the board. (See *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108.) The board's construction of the terms of this statute must be accepted by the courts if it has a rational basis. On the instant record, the determination has a rational basis and is not arbitrary or capricious and, therefore, should be affirmed. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Main, JJ., concur.