■ In the Matter of Hollis Hills Jewish Center, Appellant. Lillian Roberts, as Commissioner of Labor, Respondent. — Appeal from that portion of a decision of the Unemployment Insurance Appeal Board, filed September 23, 1982, which assessed the employer for contributions due based on wages paid to teachers at a nursery school operated by Hollis Hills Jewish Center. The employer, a nonprofit religious organization, operates a nursery school for three- to five-year-old children. At issue in this case is whether the teachers who teach at this nursery school are covered by the State's Unemployment Insurance Law (Labor Law, art 18).[*] Following an audit covering the period January 1, 1978 through September 30, 1979, the commissioner determined that the employment of nursery school teachers by the employer was covered and assessed the employer for unemployment insurance contributions on those services. This determination was upheld by both the hearing officer and the board. Following an appeal by the employer from the board's decision to this court, the case was reopened by the board *sua sponte* pursuant to section 534 of the Labor Law. A new hearing was conducted by the board at which the commissioner's representative indicated that, despite the commissioner's earlier position, she would not be adverse to a board finding that the teachers were not covered by the Unemployment Insurance Law. Despite this position, however, the board upheld the earlier assessment against the employer for contributions based on the services performed by the nursery school teachers. The employer has again appealed the board's decision to this court where the commissioner has opted not to file a brief. We agree with the employer's argument that its nursery school teachers are "person[s] employed at a place of religious worship * * * for the performance of duties of a religious nature" and that the services provided by those teachers are thus excluded from the definition of employment subject to coverage under the Unemployment Insurance Law (Labor Law, § 563, subd 2, par [c]). In so holding, we are not

---

[*] Also at issue were unemployment insurance contributions relating to the employment of custodians. This issue has been resolved by the board in favor of the employer and is not being contested on this appeal.

convinced that the Legislature, in making numerous amendments to sections 561 and 563 of the Labor Law dealing with unemployment insurance coverage for teachers employed by educational institutions (see L 1965, ch 740; L 1971, ch 1027; L 1977, ch 675), intended to limit the plain meaning of the language retained in section 563 of the Labor Law relating to exclusions from coverage for certain services performed for religious organizations (see *St. Martin Lutheran Church v South Dakota*, 451 US 772, 785-788). The testimony in the record indicates that the nursery school run by the employer was operated in accordance with the mandates of the Jewish religion and emphasized the beliefs and principles of that faith. This characterization by the employer that its operation of the nursery school was related to religious objectives, made in good faith, must be accepted by civil courts (*Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Comm. of City of N. Y.*, 55 NY2d 512, 518-519). Moreover, the religious aspects of church-operated schools have recently been acknowledged by our State's highest court (*Matter of Rochester Christian Church v State of New York Public Serv. Comm.*, 55 NY2d 196, 202-203). Accordingly, it is our view that the board erroneously categorized the nursery school operated by the employer as an educational institution which was not entitled to the benefits of the exclusion contained in section 563 (subd 2, par [c]) of the Labor Law. Our resolution of this issue makes it unnecessary to address the remaining arguments raised by the employer in its original brief to this court. Decision modified, by reversing the portion thereof which held the employer liable for contributions on the remuneration paid to its nursery school teachers, and, as so modified, affirmed, without costs; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.