OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
It must be recognized that the services of the members of various professions, here physiotherapy, by the very nature of the professional and ethical responsibilities of its members are not subject to control to the same extent or in the same manner as are other personal services (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734). Given that characteristic of the services rendered in this case, we conclude that there was substantial evidence to support the decision of the Unemployment Insurance Appeal Board that the registered physical therapists in this instance were employees rather than independent contractors.
The physical therapists were engaged by Myron Gold-stein, himself a physical therapist who had formed a professional corporation to treat the overflow of his patients, although the therapists were also permitted to treat their own patients. Patients referred to Myron Goldstein or the corporation were assigned to the individual physical therapists by the clerical staff which billed all patients, with the fees paid by the patients of the individual therapists going to the therapists. The latter, however, were also paid a fixed weekly sum for services rendered to patients other than their own. The corporation provided the physical facilities, fixtures and equipment used in the rendition of services and paid all expenses of maintenance thereof. On this record the Appeal Board was warranted in concluding that the status of the individual physical therapists was that of employee for the purposes of the Unemployment Insurance Law.
*939 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.