■ In the Matter of MANHATTAN MANOR NURSING HOME et

al., Appellants. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 11, 1985, which assessed the employer the sum of $2,441.64 as contributions due for the audit period from January 1, 1980 through September 30, 1982.

The employer, a partnership operating several nursing home facilities, appeals from a decision of the Unemployment Insurance Appeal Board which determined that various individuals who had been engaged to perform certain part-time services for the nursing homes of the partnership were employees rather than independent contractors. As to the following positions in issue, the evidence was sufficient to sustain the Board's determination: medical director, dietitian consultant, occupational therapy consultant, medical records consultant, social services consultant and in-service education coordinator. In each of the foregoing instances, the individual holding the position performed supervisory or administrative professional services at the physical premises of the particular nursing home facility. The duties of the position were specifically delineated in writing or orally. Each individual was required to provide a certain minimum service in terms of hours or visits to the facility per month, but could be required to perform additional services at the request of facility staff. Each was required to submit periodic reports as to the performance of his or her duties. Their contracts with the facility were terminable at will upon notice. The foregoing factors are sufficiently indicative of the kind of control over performance of services of a professional nature as to support an inference that an employer-employee relationship existed *(see, Matter of Myron Goldstein, P. C. [Roberts],* 61 NY2d 937; *Matter of Concourse Ophthalmology Assoc. [Roberts],* 60 NY2d 734).

We reach a different conclusion with respect to the individual retained by the partnership to draft a policy and procedure manual for one of the partnership's new facilities and as to the paid members of the governing board of the facilities. Regarding the drafter of the manual, her services were not physically performed at the nursing homes, she was not provided with supplies, equipment or staff assistance, nor was she reimbursed for any expenses. She was neither instructed specifically as to the manner of the performance of her duties nor as to the content of the manual, other than that the policies and procedures should comply with Federal and State regulations. On these facts, it cannot be said that an employment relationship existed *(see, Matter of 12 Cornelia St. [Ross],*

56 NY2d 895). Likewise, the members of the governing board, whose sole function was to meet one or more times a year as a policy-making body for the nursing homes, akin to a corporate board of directors, cannot be considered in any way as controlled by the partnership so as to have created an employment relationship *(see, Matter of Baldwinsville Fed. Sav. & Loan Assn. [Miller],* 263 App Div 915).

Decision modified, without costs, by reversing so much thereof as found the writer of the policies and procedures manual and members of the governing board to be employees; matter remitted to the Unemployment Insurance Appeal Board for reassessment of employer contributions consistent with this decision; and, as so modified, affirmed. Mahoney, P. J., Kane and Levine, JJ., concur.

Main and Harvey, JJ., concur in part and dissent in part in the following memorandum by Harvey, J. Harvey, J. (concurring in part and dissenting in part). We concur with the majority in their determination of the status of all persons performing services for the employer with the exception of the medical directors, the social services consultant and the dietitian consultant. We respectfully dissent from their determination of the status of those people.

The Unemployment Insurance Appeal Board ruled that all the individuals holding these positions were employees and not independent contractors. Whether an employment relationship exists is a factual question for the Board to determine in the first instance. Where, however, that determination is unsupported by substantial evidence in the record, it must be set aside *(Matter of Watz [Equitable Life Assur. Socy.—Ross],* 46 NY2d 876; *Matter of Studio Theatre School Corp. [Roberts],* 99 AD2d 637, 638). In reaching its determination, the Board concluded that the written contracts covering most of the individuals required certain hours to be worked periodically at a specified hourly "salary or pay". The Board further found that the employer retained over-all responsibility for patient care. Most of the services were performed in the employer's facility. We find the Board's broad sweeping generalizations as to the different positions involved to be unsupported by substantial evidence in the record.

In *Matter of 12 Cornelia St. (Ross)* (56 NY2d 895), the Court of Appeals set forth some of the characteristics which it considered illustrative of an independent contractor rather than an employee status. The Court of Appeals noted that the fact that an individual was permitted to work the required hours on an extremely flexible basis, that he is free to engage

in outside employment, that he is provided only limited facilities and supplies by the employer, and that initial training is either unnecessary or extremely limited in nature are factors supporting the finding of an independent contractor relationship *(supra,* pp 897-898; *see also, Matter of Concourse Ophthalmology Assoc. [Roberts],* 60 NY2d 734, 737). Ordinarily, individuals who are highly specialized and skilled in a particular profession are considered independent contractors, absent an actual exercise of the right of control by the employer *(Matter of Studio Theatre School Corp. [Roberts], supra; see also,* 3 NY Jur 2d, Agency and Independent Contractors, § 333, at 153-155). The record is void as to evidence of the actual exercise of a purported right of control.

The dietitian consultant spends only about 16 hours per month at each facility. The particular hours that he performs his contractual obligation are of his own choosing. He was employed at another institution on a full-time basis. The record establishes that the dietitian consultant operates on an independent basis without specific job instructions and serves as an expert for advising the nursing home food service staff as to compliance with State regulations. Furthermore, the dietitian consultant was permitted to subcontract out part of his duties. We therefore conclude that he is an independent contractor.

In our opinion, the medical directors are also independent contractors. They are physicians who have their own medical practices. They are paid $50 per visit and must visit the nursing home at least two hours per week. Each of the medical directors has his own private practice which was described as being very busy. They set their own schedules and carry out their obligations established by applicable regulations without any control or direction by the owners of the nursing home facilities.

Finally, we believe that the social services consultant is an independent contractor. The position requires a high level of education and skill and the individual operates independently. He works only four hours a week in each of the three nursing homes and schedules his own work hours. This individual does not provide social services to patients but merely reviews patients' needs to determine whether the social worker in each nursing home is meeting those needs. This is done with the same minimal level of administrative control as in the case of the dietitian consultant.

In our opinion, the consultants whose duties we have described are in a most similar position to a lawyer or accoun-

tant retained by a business entity. They are retained because of their expertise and because of the lack of expertise on the part of those contracting for the services. We conclude that there was no more control over their activities than was exercised by the real estate broker over the sales persons in *Matter of 12 Cornelia St. (Ross) (supra)*. We would therefore modify the Board's decision in accordance with our decision and remit the matter to the Board for assessment of employer contributions consistent herewith.