■ In the Matter of SALAMANCA NURSING HOME, INC., et al., Appellants. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 17, 1984, which assessed the employer Salamanca Nursing Home, Inc. the sum of $4,293.70 as contributions due for the audit period from January 1, 1980 through June 30, 1983, and the employer Salamanca Selective Services, Inc. the sum of $1,001.26 as contributions due for the audit period from January 1, 1979 through June 30, 1982.

The employers, corporations having common ownership, collectively operate a nursing home facility. They appeal from a decision of the Unemployment Insurance Appeal Board, which determined that various individuals who performed services for the facility were employees and received remuneration as such rather than as independent contractors or as stockholders receiving dividends.

As to those individuals whose part-time services were performed in the capacities of professional health-care consultants, the instant case is indistinguishable from *Matter of Manhattan Manor Nursing Home (Roberts)* (117 AD2d 885), and for the reasons stated therein, the Board's ruling that such persons were employees should be affirmed. Regarding the payments to certain corporate officers who were also stockholders, the Board upheld an initial determination that all such payments that were not recorded in the corporate minute books as dividends should be treated as wages. Concededly, these individuals, in addition to being stockholders, performed

administrative services as officers of the corporations. The record thus also supports the Board's decision that they received remuneration as employees. We similarly find sufficient support in the record for the Board's determination that all other individuals whose status was in issue were employees.

Decision affirmed, without costs. Mahoney, P. J., Kane and Levine, JJ., concur.

Main and Harvey, JJ., concur in part and dissent in part in the following memorandum by Harvey, J. Harvey, J. (concurring in part and dissenting in part). We concur with the majority in their determination of the status of all persons performing services for the employers with the exception of those individuals whose part-time services were performed in the capacities of medical director, social services consultant and dietitian consultant. As to those individuals, we dissent for the reasons stated in *Matter of Manhattan Manor Nursing Home (Roberts)* (117 AD2d 885).