■ In the Matter of HEALTH RELATED NUTRITION SERVICES,

INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 1985, which assessed the employer the sum of $3,655.79 as contributions due for the audit period from January 1, 1980 through March 31, 1983.

The Department of Health requires health care facilities to employ a certain number of dieticians (10 NYCRR 731.3). These dieticians can be employed on a full-time, part-time or consulting basis (10 NYCRR 731.3 [b] [2]). Health Related Nutrition Services, Inc. (Nutrition Services) refers dietician consultants to health care facilities. The Unemployment Insurance Appeal Board determined that Nutrition Services' role in providing dietician consultants to these facilities made it an employer of the consultants. Nutrition Services has appealed from that decision.

This court has recently had occasion to address the role of dietician consultants (see, Matter of Salamanca Nursing Home [Roberts], 117 AD2d 903; Matter of Manhattan Manor Nursing Home [Roberts], 117 AD2d 885). In Manhattan Manor and Salamanca, the Board determined that dietician consultants were employees of the facilities where they rendered their services and this court, by divided vote, affirmed that part of the Board's determination in each case. Now, the Board has apparently decided that other dietician consultants similarly situated are employees of the entity which referred them to the facility and not employees of the facility.

The Court of Appeals has recently held that "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 516-517). Here, the Board has offered no explanation as to why these dieticians should be considered employees of the entity which referred them to the facility rather than employees of the facility. The dieticians in the case at bar were in the health facilities on a consulting basis pursuant to 10 NYCRR 731.3 (b) (2) just as the dietician consultants in Manhattan Manor and Salamanca were. It is necessary that the administrative agency provide guidance for those governed by the determination made (Matter of Howard Johnson Co. v State Tax Commn., 65 NY2d 726, 727). Even though there may be substantial evidence in the record to support the Board's determination, its failure to explain its inconsistent determinations as to the status of dietician consultants requires

reversal *(see, Matter of Field Delivery Serv. [Roberts], supra,* p 520).

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Mikoll and Harvey, JJ., concur.