■ In the Matter of the Claim of JOHN F. MARASCO, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 12, 1987.

Claimant was employed by a church-school complex operated by St. James Roman Catholic Church. His duties included maintenance of the church, school, rectory and convent. The Unemployment Insurance Appeal Board affirmed a determination which held that the services rendered were excluded from coverage pursuant to Labor Law § 563 (2) (c)

because claimant's duties were those of a caretaker employed at a place of religious worship. On this appeal claimant contends that he worked in all four buildings and that the school, rectory and convent were not places of religious worship. He contends that his office was in the school building where he performed 99% of his maintenance work.

This court has held that teachers employed by a nursery school operated by a nonprofit religious organization are "person[s] employed at a place of religious worship * * * for the performance of duties of a religious nature" (Labor Law § 563 [2] [c]). Thus, we held that the employer was not liable for contributions and the teachers were not covered by the Unemployment Insurance Law (Matter of Hollis Hills Jewish Center [Roberts], 92 AD2d 1039). In Matter of Rochester Christian Church v State of N. Y. Pub. Serv. Commn. (55 NY2d 196, 202-203) the Court of Appeals stated, "Traditionally churches and religious organizations engage in a wide variety of activities which may be seen to be 'exclusively religious' when they are reasonably incidental to the religious goal".

The Board's interpretation of Labor Law § 563 (2) (c) must be accepted by the courts if that construction has a rational basis (Matter of Graziano [Levine], 43 AD2d 882, 883). On this record, the determination has a rational basis and is not arbitrary or capricious, and therefore should be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.