In the Matter of the Claim of SHIRLEY KLEIN, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.

Third Department, October 18, 1990

### APPEARANCES OF COUNSEL

*Gilbert Offenhartz* for appellant.

*Robert Abrams, Attorney-General (Steven Segall* and *Jane Lauer Barker* of counsel), for respondent.

### OPINION OF THE COURT

KANE, J.

Claimant was employed as an English teacher by Congregation Bais Yaakov, a religious organization which operates Beth Jacob High School in Brooklyn. After her employment there ended, claimant filed for and initially received unemployment insurance benefits. It was subsequently determined, however, that claimant was ineligible for benefits because she had been employed by a religious organization that was exempt under the Labor Law from making unemployment benefit contributions. Charged with $4,140 in recoverable benefits, claimant requested and was given a hearing at which she argued, *inter alia,* that the employer exemption violated the Establishment Clause of the US Constitution. An Administrative Law Judge sustained the initial determination and the Unemployment Insurance Appeal Board affirmed, avoiding the constitutional issue and finding that claimant was employed "at a place of religious worship * * * for the performance of duties of a religious nature" which excluded her from receiving benefits pursuant to Labor Law § 563 (2) (c). This appeal followed.

Labor Law § 563 (2) excludes a variety of "employment" from unemployment insurance coverage, including "services rendered for a non-profit organization by * * * a person employed at a place of religious worship as a caretaker or for the performance of duties of a religious nature" (Labor Law § 563 [2] [c]). Claimant concedes that her position as a teacher at the Beth Jacob High School constituted such noncovered employment pursuant to the statute *(see, Matter of Hollis Hills Jewish Center [Roberts],* 92 AD2d 1039), but instead

contends that the law itself unconstitutionally favors religious establishments over nonreligious establishments.

The United States Supreme Court has articulated a three-part test traditionally applied to laws challenged under the Establishment Clause of the 1st Amendment *(see, Lemon v Kurtzman,* 403 US 602, 612-613). The statute in question (1) must have a secular legislative purpose, (2) must neither advance nor inhibit religion, and (3) must not result in an excessive government entanglement with religion *(see, supra,* at 612-613; *see also, Edwards v Aquillard,* 482 US 578, 583; *Matter of Dickens v Ernesto,* 30 NY2d 61, 67, *appeal dismissed* 407 US 917). Claimant initially asserts that Labor Law § 563 (2) (c) cannot be said to promote a clearly secular legislative purpose but instead can only be interpreted as advancing religious establishments. We disagree. In our view, the purpose of enacting Labor Law § 563 *as a whole* was to provide certain nonprofit organizations with an exemption from unemployment insurance contributions. Other nonreligious employment is also encompassed within the legislation *(see,* Labor Law § 563 [2] [d], [e]); and it is well established that government policies with secular objectives may incidentally benefit religion *(see, Texas Monthly v Bullock,* 489 US 1). Indeed, "[t]he limits of permissible state accommodation to religion are by no means co-extensive with the noninterference mandated by the Free Exercise Clause" *(Walz v Tax Commn.,* 397 US 664, 673). We find that a reading of the statute at issue here "affords no basis for a conclusion that the legislative intent was to advance religion" *(Lemon v Kurtzman,* 403 US 602, 613, *supra).* We similarly find that the actual primary effect of the statute does not unconstitutionally advance religious establishments. Although one effect of the statute permits religious organizations an exemption from paying contributions for unemployment benefits, any religious benefit is, again, incidental *(see, Texas Monthly v Bullock, supra).* Instead, the statute's primary effect is, in our view, the efficient administration of the Labor Law, attained in part by maintaining the concept of the State's "benevolent neutrality" toward all religion *(see, Walz v Tax Commn., supra,* at 675-677).

Finally, we discern no "excessive entanglement" between the statute and religious establishments. We reject claimant's argument that the State must unconstitutionally involve itself in determining an employer's religious status to implement the statute and properly allow the exemption. Legitimate

good-faith characterizations of status by the religious establishment itself are sufficient *(see, Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Commn.,* 55 NY2d 512, 518-519; *Matter of Hollis Hills Jewish Center [Roberts],* 92 AD2d 1039, 1040, *supra).* Furthermore, without the exemption religious establishments would be exposed to increased State intervention through the collection of contributions and the attendant enforcement *(see,* Labor Law § 501 *et seq.; Note, Redemption Through Exemption: Unemployment Insurance and Sectarian Schools,* 55 NYU L Rev 242, 269 [1980]). Therefore, the statute actually effectuates a greater separation between the State and religion *(see, Walz v Tax Commn., supra,* at 674-675; *see also, Roemer v Maryland Public Works Bd.,* 426 US 736, 748, n 15).

Accordingly, we find that Labor Law § 563 (2) does not violate the Establishment Clause of the US Constitution. For the same reasons, we summarily reject claimant's purely conclusory equal protection argument as meritless. The decision of the Board should therefore be affirmed.

MAHONEY, P. J., CASEY, LEVINE and HARVEY, JJ., concur.

Decision affirmed, without costs.