■ In the Matter of the Claim of ANJANETTE KELLEY, Respondent. CITY VOLUNTEER CORPS, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 8, 1989, which, upon reconsideration, adhered to its prior decision ruling that claimant was entitled to receive unemployment insurance benefits.

City Volunteer Corps, a nonprofit organization, operates a youth volunteer program for the City of New York. The program encourages youth volunteers to develop career plans, augment their education and donate various services to the community. The volunteers receive a fixed sum per week, which City Volunteer considers to be reimbursement for participation expenses such as transportation, meals and uniforms. Each youth who completes six months to a year of service receives a cash or scholarship bonus.

Claimant was one such volunteer. During her tenure with City Volunteer, claimant received $97 per week, from which Social Security and income taxes were deducted. To qualify for this weekly payment, claimant not only performed various odd jobs but also attended classes. If she failed to meet a job responsibility or to attend class she was not paid the entire $97. At the end of one year, City Volunteer paid her a $2,500 cash bonus.

In December 1987, claimant was directed to file for unemployment insurance benefits, which were awarded to her. When City Volunteer protested this decision, the Commissioner of Labor concluded that claimant was ineligible to receive unemployment because during her base period she was "earning a stipend and not remuneration". He therefore directed her to repay $888 in benefits she had erroneously received. This outcome generated a hearing request by claimant. As a result of that hearing, the Administrative Law Judge, applying the control test utilized in determining whether one is an employee or an independent contractor *(see, e.g., Matter of Concourse Ophthalmology Assocs. [Roberts],* 60 NY2d 734, 736; *Matter of Villa Maria Inst. of Music [Ross],* 54 NY2d 691, 692), found claimant's volunteer work to be covered

employment under the unemployment insurance law. The Unemployment Insurance Appeal Board affirmed this determination and adhered to it after reopening and reconsidering its decision at City Volunteer's request; the affirmance prompted City Volunteer to appeal.

City Volunteer contends on this appeal that claimant is not an employee within the meaning of the unemployment insurance law (Labor Law art 18). It is undeniable that some employees of nonprofit organizations are entitled to unemployment compensation (see, e.g., Matter of Wildcat Serv. Corp. [Ross], 78 AD2d 710), and that remuneration includes every form of compensation paid by an employer to an employee (Labor Law § 517). The narrow question presented here, however, is whether an individual who receives reimbursement expenses for performing volunteer work for a nonprofit organization is an employee within the reach of the unemployment insurance law.

The term employee is not defined in the statute and the term employer is so largely encompassing that it provides no discriminating guidelines (see, Labor Law § 512). Similarly, the definition of the term employment, "any service under any contract of employment for hire" (Labor Law § 511 [1]), offers little guidance. Compounding the lack of direction within the statute, the agency's interpretation of the statutory definitions does not always reflect common understanding (see, Matter of Valvo [Ross], 57 NY2d 116, 126). For example, uncompensated service can constitute employment under Labor Law § 522 (see, Matter of Valvo [Ross], supra; Matter of Wilson [Roberts], 102 AD2d 556, 557). Nevertheless, because the Board has special competence in determining legislative policy considerations regarding the intended scope of the unemployment insurance law, the construction it places upon this statute, if rational, must be accepted (see, Matter of Marasco [Hartnett], 145 AD2d 862, 863; Matter of Wildcat Serv. Corp. [Ross], supra, at 710-711; Matter of Graziano [Levine], 43 AD2d 882, 883). Since it cannot be said that the Board's resort to the control test to determine whether an individual is an employee or an independent contractor is an irrational vehicle for deciding whether an individual is an employee or volunteer, its view must prevail.

City Volunteer also suggests that the Board reached a conclusion contrary to two of its prior determinations without explanation (see, Matter of Health Related Nutrition Servs. [Roberts], 123 AD2d 466, 467; see also, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 516-517). One of these prior

administrative appeals merely questioned whether the work performed by a claimant while attending a training program for the physically disabled rendered him ineligible to receive benefits because he was allegedly unavailable for employment (Unemployment Ins App Bd Case No. 360,187 [1985]). The other found that officers of a corporation who gave their services to the corporation without remuneration were not employees (Unemployment Ins App Bd Case No. 208-38 [1938]). In neither case was the question presented here, i.e., whether volunteers who receive a stipend are employees entitled to benefits, confronted.

The fact that claimant signed a "letter of understanding" which indicated that she was a volunteer and not an employee is also not dispositive (see, Matter of Mauro [Southeastern Academy—Ross], 79 AD2d 1049). The record establishes that claimant worked and attended classes for 70 hours every two weeks in exchange for $97 per week. The amount she was paid depended upon the number of hours and days she worked. At the end of her year, claimant received an additional $2,500. A paid staff member supervised her work. Claimant was expected to sign in and out, wear a uniform and notify her supervisor if she were ill. Claimant was entitled to one absence per month, after which her pay would be docked. Based on these facts, we cannot conclude that the Board's determination that claimant was an employee is either irrational or unreasonable.

We are not unsympathetic to City Volunteer's very real concern that providing unemployment insurance benefits to these volunteer employees may unduly burden nonprofit organizations. The balancing of competing policy considerations is, however, a matter within the Legislature's province. In this regard, we think it not insignificant that the Legislature specifically chose to narrow rather than widen the availability of exclusions from coverage to nonprofit organizations (compare, Labor Law § 560 [former (4)], with Labor Law § 563). As this court has long since observed, absent an express exemption, social legislation of the character involved here should be construed to provide the broadest possible protection (see, Matter of Oakwood Cemetery Assn. [Catherwood], 20 AD2d 590, 591).

Decision affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.