■ In the Matter of the Claim of JACQUELINE B. VECCHIO, Respondent. LONG ISLAND LUTHERAN HIGH SCHOOL, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Yesawich Jr., J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 17, 1990, which, upon reconsideration, adhered to its prior decisions ruling, *inter alia,* that claimant was entitled to receive unemployment insurance benefits.

The employer, a nonprofit organization affiliated with and operated by a Lutheran church, operates a school for children from the 7th through 12th grades. Claimant worked for the employer as a teacher during the 1988-1989 school year. Before entering upon her employment she signed a "letter of commitment" which provided that she would render services to the employer from August 30, 1988 through the end of June 1989. Claimant, who is certified by the State, taught history and social studies as mandated by the Education Law and was paid in 26 bi-weekly payments. Although she was obliged to attend weekly religious services in the school's gym with her class, she did not teach any religious subjects, nor provide any religious instruction. In May 1989, claimant was informed that her contract would not be renewed for the following school year. Her last actual day of work was June 10, 1989.

The Unemployment Insurance Appeal Board, over the employer's opposition, concluded that claimant was eligible to receive unemployment insurance benefits and reversed an Administrative Law Judge's decision which had found her ineligible for benefits and had charged claimant with a recoverable overpayment. The employer maintains that claimant should be excluded from coverage because of Labor Law § 563 (2) (c), which reads, in pertinent part, that "a person employed at a place of religious worship * * * or for the performance of

duties of a religious nature" is exempt from unemployment insurance coverage.

There is considerable discussion throughout the record regarding whether the school is a "place of religious worship". That issue is rendered academic, however, by a second decision of the Board adhering to its prior decision, wherein it specifically stated that it did not dispute the employer's contention that it is a religious institution, but reiterated that "the Labor Law exempts from coverage only specific services (Section [563 (2) (a), (b), (c)]), based upon the nature of such services, and not all employees of such an institution". As this interpretation is consistent with the language of Labor Law § 563 (2) (c) and the case law *(see, Matter of Marasco v Hartnett,* 145 AD2d 862, 863), the crucial issue is whether claimant's duties were of a "religious nature" (Labor Law § 563 [2] [c]).

The case of *Matter of Rochester Christian Church v State of New York Pub. Serv. Commn.* (55 NY2d 196), which dealt with the classification of parochial schools as exclusively religious for the purpose of qualifying for a favorable utility rate, is distinguishable. There, the Court of Appeals was concerned with the provisions of Public Service Law § 76 which, unlike the Labor Law, conferred a blanket exclusion from coverage upon the property of religious institutions. Furthermore, the court specifically left open the issue which is currently before us when it observed that "[a]ssuming, however, that teaching the secular subjects is not a religious pursuit, it nevertheless would not deprive the *institution* of its essentially religious character" *(Matter of Rochester Christian Church v State of New York Pub. Serv. Commn., supra,* at 203 [emphasis supplied]). Similarly, *Matter of Hollis Hills Jewish Center v Roberts* (92 AD2d 1039) is not dispositive. There, it was found that the services performed by teachers at a nursery school operated in accordance with the precepts of the Jewish religion and emphasizing the beliefs and principles of that faith were of a religious nature and, hence, the teachers were not covered by the Labor Law. Here, after considering all the circumstances, the Board determined that claimant's teaching activities were secular, not religious, in nature and that her attendance at the weekly service was merely as a monitor. As this decision is supported by substantial evidence, it must be affirmed.

The employer also appeals from a second decision issued by the Board. With respect to this appeal, in addition to raising the question heretofore addressed respecting whether claim-

ant's services are excluded from unemployment insurance coverage pursuant to Labor Law § 563 (2) (c), the employer also maintains that the Board erred in its conclusion that claimant was totally unemployed after June 30, 1989. Based on its review of the record and the fact that claimant had been informed that she would not be retained the following year, the Board concluded that the written agreement under which claimant was hired provided that her services were required only during the school year and until the end of June 1989. The Board also found it significant that although claimant received bi-weekly payments thereafter through August 1989, she was not obligated to render any services for those payments to continue. Beyond that, there is no conclusive evidence in the record that claimant continued to receive exactly the same fringe benefits as would be received if the employment had continued (see, Matter of Robbins, Unemployment Ins Appeal Bd Dec No. 361,835). Accordingly, the Board's factual finding that claimant's employment ended June 30, 1989 and that she was totally unemployed thereafter is affirmed.

Lastly, the employer's assertion that claimant's appeal from the Administrative Law Judge's decision filed September 19, 1989 was untimely, and therefore the Board should not have entertained an appeal therefrom, is meritless (see, Labor Law § 620 [3]; Matter of Smalt [Ross], 82 AD2d 958).

Mahoney, P. J., Casey and Mercure, JJ., concur. Ordered that the decisions are affirmed, without costs.