■ In the Matter of the Claim of ABDULLA H. ALJANDARI, Respondent. BUFFALO BOARD OF EDUCATION, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. (Claim No. 1.) In the Matter of the Claim of TERRY M. SMITH, Respondent. BUFFALO BOARD OF EDUCATION, Appellant; JOHN E. SWEENEY as Commissioner of Labor, Respondent. (Claim No. 2.) [665 NYS2d 108] —Crew III, J. P. Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed June 21, 1996, which, upon reconsideration, adhered to its original decision ruling, *inter alia*, that claimant Abdulla H. Aljandari and others similarly situated were entitled to receive unemployment insurance benefits, and (2) from a decision of said Board, filed June 27, 1996, which, upon reconsideration, adhered to its original decision ruling, *inter alia*, that claimant Terry M. Smith and others similarly situated were entitled to receive unemployment insurance benefits.

Claimants are temporary teachers who were employed by the Buffalo Board of Education (hereinafter the employer) for the 1994-1995 academic year. At the end of the academic year, these claimants, along with other temporary teachers similarly situated, applied for unemployment insurance benefits for the 1995 summer recess. Although they initially were found to be ineligible for benefits, these determinations subsequently were revised and their eligibility for benefits was established. Thereafter, hearings were conducted before an Administrative Law Judge (hereinafter ALJ) in each case, at the conclusion of which the ALJ determined, *inter alia*, that claimants were eligible to receive benefits. On appeal, the Unemployment Insurance Appeal Board, *inter alia*, sustained the ALJ's determinations on the issue of eligibility. Thereafter, the Board granted the

employer's motions for reopening and reconsideration and adhered to its original decisions. These appeals by the employer ensued.

Initially, we find no merit to the employer's claim that the redeterminations made by the local unemployment insurance office finding claimants eligible for benefits were invalid under Labor Law § 597 (3), which provides, in pertinent part, that: "Any determination regarding a benefit claim may, in the absence of fraud or wilful misrepresentation, be reviewed only within one year from the date it is issued because of new or corrected information, or, if the review is based thereon, within six months from a retroactive payment of remuneration, provided that no decision on the merits of the case has been made upon hearing or appeal." Here, the redeterminations were issued in November 1995, well within one year of the June 1995 initial determinations. Moreover, it is evident from the record that the redeterminations were prompted by "new" information disclosed during an administrative hearing in a related case in which Smith was a participant. This hearing revealed, among other things, that the employer was experiencing budgetary problems that likely would affect the number of temporary teaching positions available for the 1995-1996 academic year, information germane to the issue of whether claimants and others similarly situated had a reasonable assurance of continued employment. Furthermore, at the time that the local office issued the redeterminations, no decision on the merits had been rendered after a hearing in either claimant's case. Consequently, we find no violation of the statute (*see generally, Matter of Dunford [Roberts]*, 111 AD2d 1067, 1068).

Similarly, our review of the record discloses that there is substantial evidence to support the Board's findings that claimants and other temporary teachers similarly situated were totally unemployed during the 1995 summer recess and, thus, were entitled to receive unemployment insurance benefits. While temporary teachers are covered by the collective bargaining agreement between the employer and the teachers' union, the agreement does not specifically define the duration of their employment. Rather, such was established by a hiring letter sent to temporary teachers at the beginning of the academic year, which specifically advised them that the appointment was for a period "to continue as long as your services are needed, but in no case beyond the [current] school year", and that "[t]his assignment is strictly temporary * * * [and] is removable at any time by the Board of Education upon the recommendation of the Superintendent of Schools". And while

some temporary teachers were eligible for fringe benefits continuing through the summer months and elected to have their salary prorated to extend during this time, this does not compel the conclusion that they were not totally unemployed (*cf., Matter of Vecchio [Long Is. Lutheran High School—Hartnett]*, 176 AD2d 1100, 1102). We have considered the employer's remaining claims and find them to be unavailing.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.