■ In the Matter of the Claim of DOROTHY M. JONES, Respondent. CENTER ROAD BAPTIST CHURCH, Appellant; COMMISSIONER OF LABOR, Respondent. [689 NYS2d 284] —Mikoll, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 19, 1997, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed at a day-care center operated by a Baptist church. She worked six hours per day, caring for 10 to 12 children ranging in age from 14 to 24 months. Her principal duties were changing diapers, feeding the children and keeping them clean, supervising their play and taking them for walks. The employer's rules required that the children were to say grace before meals and have a half hour per day of Bible study and singing. Claimant testified that she did not spend any time engaged in these religious activities; rather, her time was

spent in "regular taking care of babies as a daycare". The employer contested claimant's eligibility for unemployment insurance benefits based on Labor Law § 563 (2) (c), which excludes from eligibility any "person employed at a place of religious worship * * * for the performance of duties of a religious nature". The employer argues that because the day-care center was established in furtherance of the Church's religious mission, and its paramount purpose was to inculcate Biblical teachings at the earliest possible age, claimant's duties, albeit encompassing the basic care of the children, were primarily religious in nature.

The Administrative Law Judge (hereinafter ALJ) found that claimant's essential function was as a day-care worker responsible for attending to the children's basic needs and not as a religious instructor, noting that given the young age of the children and the inability of most of them to speak, no religious activities were actually performed by claimant. The Unemployment Insurance Appeal Board affirmed that part of the ALJ's decision holding claimant eligible for benefits, and the employer appeals.

The question of whether an employee's duties are of a "religious nature" or inherently secular is a question of fact for the Board (see, Matter of Anastasio [Sweeney], 244 AD2d 598, 599; Matter of Conde [Gates Community Chapel—Hudacs], 180 AD2d 911; Matter of Vecchio [Long Is. Lutheran High School—Hartnett], 176 AD2d 1100, 1101; see also, Matter of Faith Bible Church [Hudacs], 179 AD2d 308). Resolution of this factual inquiry is essential to implement the legislative intent of Labor Law § 563, prior to which employees of religious and certain other nonprofit organizations were categorically excluded from the protection of unemployment insurance coverage. "[T]he clear secular legislative purpose [of Labor Law § 563] was to extend unemployment insurance coverage to previously exempt employees of nonprofit organizations, while retaining the exemption for the benefit of a range of nonprofit organizations whose employees were not active members of the work force in the true sense and whose employment was stable" (Matter of Klein [Hartnett], 78 NY2d 662, 668, cert denied 504 US 912; see, Matter of Faith Bible Church [Hudacs], supra).

Our review is limited to ascertaining whether the Board's determination is supported by substantial evidence. We find that the record contains abundant evidence that claimant's duties were primarily secular and thus not excluded from coverage. It is uncontroverted that most, if not all, of claimant's working day was spent tending to the basic needs of these

young children, all of whom were still in diapers. For a portion of each day, she alone was responsible for the supervision and care of at least 10 children 24 months old and younger. That claimant's services were rendered on behalf of a religious organization does not alter their essential secular character.

Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.