[728 NYS2d 109]

# In the Matter of Onondaga-Cortland-Madison Board of Co-operative Educational Services, Petitioner, v James J. McGowan, as Commissioner of Labor, et al., Respondents.

Third Department, June 14, 2001

## APPEARANCES OF COUNSEL

*Frank W. Miller*, East Syracuse, for petitioner.

*Eliot Spitzer, Attorney General*, New York City (*C. Michael Higgins* of counsel), for respondents.

## OPINION OF THE COURT

Rose, J.

Petitioner is a board of cooperative educational services serving 23 member school districts in Onondaga, Cortland and Madison Counties. Seeking to augment the workforce training programs available to public high school students, petitioner undertook a novel program during the 1997-1998 school year to involve its construction technology students in the actual construction of an office building (hereinafter the project) for the West Genesee Central School District (hereinafter the District). After discussing the project with the District, legal counsel and representatives of two local trade unions, petitioner contracted with the District for use of the project site by its workforce training classes. Neither petitioner nor the students were to be paid for their work. The District also contracted with seven commercial contractors to perform work on the project. In the course of the project, otherwise unskilled students between 16 and 20 years of age were taught and then performed various construction tasks at the project site for approximately one half of each school day. Specifically, under the immediate direction and supervision of their instructors, student workers erected exterior and interior walls, installed sheet rock and placed insulation. The commercial contractors, using skilled union workers, performed the majority of the construction work, including all plumbing, electrical, foundation, truss and roofing work.

Midway through the school year, an officer of one of the unions on the project filed a complaint with respondent Department of Labor alleging that petitioner had failed to pay prevailing wages to its students for the work that they performed. In the course of its investigation of the complaint, the Department's legal counsel rendered an opinion that petitioner's students could not be classified as volunteers in connection with the project and, therefore, they would be considered employees subject to the prevailing wage provisions of Labor Law § 220. After further investigation, Department personnel prepared an audit reporting that petitioner had been required, but had failed, to pay prevailing wages to its students for their work. The Department then conducted a hearing on petitioner's

objections, and the Hearing Officer found that petitioner had violated Labor Law § 220 by failing to pay prevailing wages and supplements in the amount of $44,012. The Hearing Officer also determined that interest was owed at the rate of 16% per year but, finding no willfulness, he did not recommend a civil penalty. Respondent Commissioner of Labor issued a decision and order adopting the Hearing Officer's report and recommendations. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking to annul the Commissioner's determination and dismissal of the complaint against it.

Petitioner argues, *inter alia*, that the prevailing wage provisions of Labor Law § 220 are not applicable here because the project was not a public work due to its use as a training exercise and because its students were not employees. Respondents contend that Labor Law § 220 applies to petitioner's students because they were laborers who performed work on a public construction project, and that neither the courts nor the Legislature has recognized an exemption from the statute for unpaid student workers. Thus, this proceeding presents the issue of first impression of whether public school student trainees come within the scope of Labor Law § 220 and are thereby required to be paid prevailing wages for their work.*

Initially, we reject petitioner's contention that the project was not a "public work" within the purview of Labor Law § 220. Despite the project's ancillary use in training petitioner's students, the primary purpose of the work performed by both the building contractors and the student workers clearly was the construction of an office building that would provide a benefit to the District, its employees and the general public (*see, Matter of Bridgestone/Firestone Inc. v Hartnett*, 175 AD2d 495, 497; *Matter of Sarkisian Bros. v Hartnett*, 172 AD2d 895, 896, *lv denied* 78 NY2d 859; *Matter of 60 Mkt. St. Assocs. v Hartnett*, 153 AD2d 205, 207, *affd* 76 NY2d 993).

Nevertheless, because petitioner's students were not employees of a contractor on the project, we cannot agree with respondents that Labor Law § 220 (3), as construed by the Court of Appeals in *Matter of Monarch Elec. Contr. Corp. v Roberts* (70 NY2d 91), is applicable to them.

> "It is well settled that the primary purpose and intent of the prevailing wage law (Labor Law § 220)

---

* Labor Law § 220 (3), in pertinent part, states: "The wages to be paid for a legal day's work * * * to laborers, workmen or mechanics upon such public works, shall be not less than the prevailing rate of wages."

is to protect workers by ensuring that they have an effective remedy to secure the prevailing wage and supplements * * *. The statute is also part of the competitive bidding process and as such, is intended to protect the public fisc and to benefit and protect local governments and their taxpayers" (*Williamson Roofing & Sheet Metal Co. v Town of Parish*, 139 AD2d 97, 103-104 [citations omitted]; *see, Matter of Beltrone Constr. Co. v McGowan*, 260 AD2d 870, 871-872).

Labor Law § 220 (3) also provides "an incidental benefit to contractors * * * by placing nonunion and union contractors on an equal footing at the bidding stage" (*Williamson Roofing & Sheet Metal Co. v Town of Parish, supra*, at 104; *see, Matter of Monarch Elec. Contr. Corp. v Roberts, supra*, at 95). Summarizing its opinion in *Matter of Monarch Elec. Contr. Corp. v Roberts* (*supra*), the Court of Appeals stated:

> "In *Monarch* we reviewed the history and interpretation of Labor Law § 220 and held that it requires the classification of all employees on State-funded public work projects as either journeymen or apprentices and that to qualify as an apprentice under the statute an employee must be individually registered in a skills training program approved by the State Department of Labor" (*Matter of Tap Elec. Contr. Serv. v Hartnett*, 76 NY2d 164, 168).

Confirming that "[s]ection 220 unambiguously authorizes only two categories of *employees*, journeymen and apprentices," the Court of Appeals reiterated that, despite the laudable purpose of the Federally-approved trainee program reviewed in *Monarch*, such trainees could not be substituted by contractors and paid wages less than that of journey-level workers (*id.*, at 168-169 [emphasis supplied]).

In light of the statute's purposes and its interpretation by the Court of Appeals, we conclude that a worker must be an employee of a contractor on a public work project in order to come within Labor Law § 220 despite the statute's use of the phrase "laborers, workmen or mechanics" rather than the term "employee" (*see*, Labor Law § 220 [3]). Contrary to respondents' contention, there is no real distinction between this phrase and the Labor Law's definition of "employee" as "a mechanic, workingman or laborer working for another for hire" (Labor Law § 2 [5]) because we find working "for hire" is implicit in

the purpose and text of Labor Law § 220. We note also that the constitutional provision which is implemented in Labor Law § 220 expressly references employees (*see*, NY Const, art I, § 17).

Thus, the question becomes whether petitioner's students should be considered employees of a contractor on the project. Among the factors leading us to the conclusion that they should not, we note that Education Law § 4606 (6) provides that students participating in school-to-employment programs are not employees within the purview of the Labor Law. Although petitioner has not established the applicability of this section by showing that its program complied with the regulations of the Commissioner of Education, it nonetheless reflects a public policy to exempt unpaid student workers from classification as employees under circumstances where the primary purpose of the work is instructional training for future employment. It is significant here that petitioner's students were not hired, were not paid or otherwise compensated for their work, did not work a regular work day, and performed no work without the direct and constant supervision of their instructors (*cf.*, *Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 89 NY2d 395, 404). Despite respondents' contention that successful completion of the requirements of petitioner's construction technology class was each student's reward, we do not deem this to be the equivalent of wages (*cf.*, *Olsson v Nyack Hosp.*, 193 AD2d 1006, 1007).

We have considered that petitioner's students likely would not have received credit for petitioner's class if they had failed to appear and perform the actions instructed by their teachers, yet we believe it would stretch the plain meaning of the words to say that the students' compulsion or obligation to perform work on the project is comparable to that of an employee of a construction contractor. Unlike other circumstances where a contractor's "trainees" have been deemed employees, the exemption of petitioner's students from the statute's protection under the circumstances presented here does not result in a wage debasement caused by the displacement of skilled workers in a particular contractor's workforce (*cf.*, *Matter of Local 363, Intl. Bhd. of Elec. Workers v New York State Dept. of Labor*, 230 AD2d 440, 444). Like the plaintiffs in *Brukhman v Giuliani* (94 NY2d 387), who were assigned work as a condition of their receipt of grants but not considered employees, petitioner's students were assigned tasks in order to fulfill the require-

ments of their technology class and receive credit from their home school districts. While we also recognize that volunteer workers have been deemed employees for some purposes under other statutes (*see, Matter of Kelley [City Volunteer Corps— Hartnett]*, 166 AD2d 822; *Matter of Hartnett v Village of Ballston Spa*, 152 AD2d 83, *appeal dismissed* 75 NY2d 863, *lv denied* 75 NY2d 711), we can perceive no rational basis for respondents' determination to treat petitioner's students as employees here. Therefore, we find that respondents erred in determining that petitioner was required to pay its students prevailing wages for their work. Accordingly, the Commissioner's determination must be annulled. This conclusion makes it unnecessary to consider petitioner's other contentions.

MERCURE, J. P., CREW III, PETERS and CARPINELLO, JJ., concur.

Adjudged that the determination is annulled, with costs, and petition granted.