■ In the Matter of SERGIO SCHWARTZMAN, Appellant, v TAX APPEALS TRIBUNAL OF THE CITY OF NEW YORK et al., Respondents. [777 NYS2d 452]—

Determination, New York City Tax Appeals Tribunal, issued on or about February 13, 2003, which reversed an administra-

tive law judge's (ALJ) determination and found petitioner to be an independent contractor while employed at the Hospital for Special Surgery during tax years 1993, 1994 and 1995 with respect to his treatment of private patients, and subject to the city unincorporated business tax, thus denying a petition for refund for 1993 and 1994 and reinstating a deficiency determination for 1995, unanimously confirmed, without costs.

Petitioner, a hospital-based physician, testified that he set the fees he charged his private patients. The Tribunal, which is authorized to make its own findings of fact, did not abuse its discretion in rejecting the ALJ's finding that petitioner did not have unfettered discretion in setting those fees.

The existence of an employment relationship is a question of fact. No one factor is determinative, and the finding of the Tribunal, if supported by substantial evidence, is beyond further judicial review even if there is some evidence in the record indicating a contrary conclusion (*Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734 [1983]). There is substantial evidence in this record to support the conclusion that petitioner was an independent contractor with regard to his private patients. Although the Hospital provided petitioner with his office, staff, equipment and supporting administrative services, petitioner expressly stipulated that the share of his fees paid to the Hospital compensated it for those facilities and services. Thus, rather than the Hospital providing the facilities and services as an employer, petitioner essentially procured them by means of his own private income (*compare Matter of Goldstein [Roberts]*, 61 NY2d 937 [1984]).

Petitioner alone decided how many private patients he would treat, and set his own hours, subject only to his working out a schedule with the Hospital for the availability of treatment rooms. This was no different from any independent contractor working his schedule around a second job, or a private surgeon scheduling surgery around the availability of operating rooms. Approximately half of petitioner's time was spent with private patients, which accounted for approximately four fifths of his income for those years. In setting his own fees and undertaking to collect those payments directly from his patients, petitioner undertook the risks of time and separate expenses associated with this business, which he declared as deductions on his taxes for the years in question. The fact that he processed his patients' payments through the Hospital, under a service provided in his fee-sharing agreement, and arranged to pay for the services of a Hospital internist to cover for him on weekends, did not alter the independent contractual relationship he had with his private

patients. Despite the existence of some evidence in the record that might have supported a contrary conclusion, the Tribunal's decision was nonetheless supported by substantial evidence. Concur—Mazzarelli, J.P., Saxe, Sullivan, Marlow and Gonzalez, JJ.